## WOOD v. C., M. & ST. P. R'Y CO.

1. **Railroads**: AUTHORITY OF STATION AGENT: QUESTION OF FACT. The question whether. or not the station agent of a railway company has, as such agent, authority to bind the company by a contract to furnish cars to a shipper at his station at a particular time, is one of fact and not of law, and it was error, *first*, to reject testimony offered by defendant to prove that its agent had not such authority, and *second*, to instruct the jury on the theory that such agents have such authority as matter of law. BECK, J., *dissenting*.

*Appeal from Clayton Circuit Court.*

THURSDAY, JULY 13.

THE plaintiff alleges that the defendant contracted to furnish the plaintiff, on the 16th day of October, 1879, two cars in which to ship potatoes from Enfield, a station on defendant's road, to Denison, Texas; that defendant failed to furnish the cars until the second day of November, and that by reason of this delay the potatoes were frozen, to the damage of plaintiff in the sum of $300. The cause was tried to a jury, and resulted in a verdict and judgment for plaintiff for $452.44. The defendant appeals. The material facts are stated in the opinion.

*W. A. Hoyt* and *Nobles & Updegraff*, for the appellant.

*W. A. Preston*, for the appellee.

DAY, J.—The plaintiff testified that he made the contract for the cars with J. C. Barnes, the station agent of the defendant at Strawberry Point. No proof whatever was introduced of the scope of his agency or the extent of his power, nor of the manner in which he had been held out to the public by the defendant. J. C. Barnes was introduced as a witness on behalf of the defendant and testified that he agreed only to try to get the cars for plaintiff by the time named. Barnes was asked the following questions by defendant: "State

whether or not, as agent for the defendant, you had, at this time, any authority to contract to furnish cars, at any point, at any particular time."

The plaintiff objected to this question as immaterial, irrelevent and incompetent. The objection was sustained, and the defendant excepted. The defendant asked the court to instruct the jury as follows: "The burden of proof is upon the plaintiff to show that J. C. Barnes, the station agent of defendant, was authorized to bind said defendant by a contract to have cars at Enfield ready for loading upon any particular day; and the fact that said Barnes was station agent of defendant at Enfield aforesaid, is not sufficient evidence to prove that he had authority to bind defendant by such contract."

The court refused to give this instruction, to which the defendant excepted. The court instructed the jury as follows:

"If you find from the evidence that the railway company, by its agent at Enfield, made an agreement with the plaintiff to have cars at that place on the 16th day of October, 1879, for the shipment of the potatoes in question, and if you find that the plaintiff had his potatoes there for shipment on that day, and was prevented from so doing in consequence of the defendant's not having the cars there, and if you further find that the plaintiff was diligent to preserve the potatoes from damage until they could be shipped, and that in consequence of such neglect to have the cars there, the plaintiff's potatoes were frozen, then the defendant is liable for such damage." To the giving of this instruction the defendant excepted. These several actions of the court are assigned as error. The court evidently assumed that a station agent, as such, must, as a matter of law, have authority to bind the company by his contract to furnish cars at a given station, at a particular time. It is urged by appellant that it would be impracticable to confer such power upon a mere local station agent. It is said that the disposition of cars must, of necessity, be under the control of some central head, cogniz-

ant of the necessities and demands of the whole line of rail-
way.   There seems to us to be much force in these sugges-
tions.   But we have not now to deal with the question
whether it would be practicable to confer such power, but
whether such power has in fact been conferred, or the station
agents of the defendant have been held out to the public as
possessing such power.   This is a question of fact, and not
of law.   Courts cannot say as a matter of law that station
agents must possess the power to bind the company by such
contracts, nor can the courts take judicial notice that such
agents possess such power, or are held out to the world as
possessing it.   The defendant proposed to show whether or
not the agent did possess power to bind it by such a con-
tract.   In rejecting the proffered testimony the court erred.
The court also erred in giving the instruction excepted to
and in refusing the one asked.

REVERSED.

BECK, J., *dissenting*.—Railroad corporations as common
carriers are under obligation to receive and transport, with
promptness and fidelity, all property delivered at their cars
or at places or in warehouses designated by their course of
business.   The time of the receipt of property for transporta-
tion may be regulated by contract between carriers and con-
signors.

Railroads are managed by officers of the corporations at
their principal place of business, who employ subordinates at
the various towns and stations through which the roads run.
These subordinates are called station agents and they have
the authority to receive property for transportation.   It can-
not be pretended that if a consignor offers property for trans-
portation the station agent is not authorized to bind the cor-
poration by a contract to carry it.   The company cannot
protect itself by witholding authority from its agent to make
such contract.   If it could do this it would be able to defeat
the rule obligating it to receive and carry all property offered

for transportation.   In order that it may discharge this ob-
ligation it employs station agents, and the law will not per-
mit it to so limit the agent's powers that it may refuse to
carry property at the pleasure of its officers.   If a station
agent can contract to carry property to-day, he may bind the
corporation by a like contract to carry it to-morrow.   This
power of the station agent to contract for future transporta-
tion is of the first importance to the business of the country.
It is certainly true that much of the property transported
by railroads is carried under contracts of this character.

The most important duty of station agents, so far as ship-
pers are concerned, is to provide cars for the future trans-
portation of property.   Shippers must know the time cars
will be supplied them in order to have the merchandise at the
depots, or elsewhere, ready for shipment.   In the case of
live stock and perishable articles the railways always con-
tract to furnish cars at a given time.   Any other course of
business would entail loss upon shippers of such articles and
would operate as an embargo upon the business of shipping
fruits, vegetables, ice, poultry, and even fat hogs.   No ship-
per could buy potatoes in the fall of the year and store them
in warehouses, unless he could depend upon the contracts of
the railroads to furnish him cars to ship them before the
freezing weather should set in.

As a matter of fact, in the course of the business of the
roads, station agents do make contracts for the furnishing of
cars and are authorized to do so.   The station agent and no
other person is accessible to the consignor.   It is true that
the cars of a railroad are under the control of one officer, but
he speaks through the station agent, who is accessible to him
by telegraph every minute of each day.   The station agent
makes the contract under the direction of the proper officer
having control of the cars.   As it is impossible for the ship-
per to contract with any other officer, and as the station
agent is authorized to make contracts for cars, his contracts
are binding.

These considerations lead me to the conclusion that the law will regard the station agent as fully authorized to make contracts for the future transportation of property.. It was not, therefore, necessary for plaintiff to prove that the station agent was authorized by the defendant to make the contract for the transportation of his potatoes at a future day. The law presumes that he did possess such power. In my opinion the judgment of the Circuit Court ought to be affirmed.