THE MISSOURI PACIFIC RAILWAY COMPANY v. M. STULTS AND GEORGE NEISWENDER, *Partners, &c.*

1. AGENT; *Authority;' Presumption.* It cannot be presumed, in the absence of evidence, that a local station agent along the line of a railway company has any general authority to contract for furnishing cars to shippers at other stations than his own.

2. ——— Agency cannot be proved by proof of the oral declarations of the supposed agent himself.

3. UNAUTHORIZED DECLARATIONS *of Agent.* Railway companies are not responsible for the declarations or admissions of any of their servants beyond the immediate sphere of their agency and during the transaction of the business in which they are employed.

*Error from Miami District Court.*

ACTION by *Stultz & Neiswender* against the *Railway Company,* to recover damages alleged to have been sustained by the plaintiffs by reason of the failure of the defendant to furnish them two stock cars of certain dimensions, at a specified time and place, under a special contract alleged to have been made by them with the authorized agent of the company at

Paola, Kansas. Trial by the court at the October Term, 1883, and judgment for plaintiffs for $62.47 and costs. *The Company* brings the case here.

*W. A. Johnson,* for plaintiff in error.

*W. H. Browne,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error, the Missouri Pacific railway company, was defendant in the court below, and the defendants in error, M. Stults and George Neiswender, partners doing business under the firm-name and style of Stults & Neiswender, were plaintiffs in the court below. The principal question involved in the case in the court below was, whether the defendant entered into a special contract with the plaintiffs to furnish them two stock cars of certain dimensions, at Louisburg, Miami county, Kansas, on March 13, 1883. Judgment was rendered in favor of the plaintiffs below and against the defendant below, and the defendant below now seeks to have such judgment reversed.

We think the plaintiffs below tried their case upon a wrong theory — upon the theory that the defendant below was liable for everything said or done by any of its employés, whether within the line of their particular duties or not. The plaintiffs below introduced evidence tending to show that the plaintiffs entered into a contract with the local station agent of the railway company at Paola, Kansas, to furnish the said two cars to the plaintiffs at Louisburg, Kansas. The plaintiffs also introduced evidence of the oral statements of the station agent at Paola, to prove that he had ordered the cars by telegraph, to be furnished by the station agent at Louisburg. The plaintiffs also introduced evidence of the oral statements of the supposed agent at Louisburg, to prove that he was in fact the agent of the railway company at Louisburg. The plaintiffs also introduced evidence showing the oral statements of the conductor, engineer, fireman and brakemen on a certain train belonging to the de-

fendant, to prove that the cars might have been furnished by the railway company to the plaintiffs just as well as not. All the foregoing evidence was incompetent. It cannot be presumed or supposed, in the absence of evidence, that a local station agent along the line of a railway has any general authority to contract for furnishing cars to shippers at other stations than his own. ( *Wood v. C. M. & St. P. Rly. Co.*, 59 Iowa, 196; same case, 6 Am. & Eng. Rly. Cases, 314.)   No evidence was introduced tending to prove that the station agent at Paola had any such authority; but on the contrary, evidence was introduced showing that he had no such authority. Nor can agency be proved by proof of the oral declarations of the supposed agent himself; and all the other oral declarations and statements of the various witnesses, not made under oath and not within the lines of their particular duties, were incompetent. Railway companies are not responsible for the declarations or admissions of any of their servants beyond the immediate sphere of their agency and during the transaction of the business in which they are employed. (Greenl. Ev., § 114a.)

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.