The Missouri Pacific Railway Company v. William Johnson.

1. Agency, *Proof of.*  Agency cannot be proven merely by the declarations out of court of the person whose agency is claimed.

2. Hearsay Evidence — *Declarations of Agent.*  The declarations of agents and employees concerning matters as to which they have no authority to speak for the master, and not made in connection with the performance of any duty or the transaction of any business for the employer, are mere hearsay and inadmissible against the principal.

3. Injury to Passenger — *Incompetent Evidence — New Trial.* All disputed questions of fact in an action to recover damages for personal injuries are to be tried and determined by the jury. This court does not weigh testimony. Where there is competent testimony tending to establish a defense, and incompetent testimony has been offered by the plaintiff of such character as to be likely to influence the jury, and a verdict is rendered in his favor, a new trial must be ordered.

*Error from Chautauqua District Court.*

Action by *Johnson* against the *Railway Company* to recover damages for bodily injuries. Plaintiff had judgment, and defendant brings the case here. The opinion, filed June 8, 1895, states the facts.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error.

*McDermott & Johnson*, for defendant in error.

The opinion of the court was delivered by

Allen, J.:  On the 2d of November, 1889, William Johnson purchased a ticket from the Missouri Pacific Railway Company, and took passage on a mixed train from Peru to Sedan. The car in which he was riding was thrown from the track, tipped over, and he was injured. This action is prosecuted to recover damages for the injuries received.

Under the rule declared in *S. K. Rly. Co. v. Walsh*, 45 Kas. 653, all that it was necessary for the plaintiff to prove in the first instance was that he was a regular passenger, in his proper place in the car; that the car was thrown from the track; that he was injured, and the extent of his injury. This is a sufficient showing by a passenger to establish *prima facie* a want of that high degree of care and diligence which the law imposes on railroad companies in the transportation of passengers. It then devolves on the company to show that the accident could not have been prevented by the exercise of the utmost human sagacity and foresight. (*Railway Co. v. Hand*, 7 Kas. 392.) In this case the plaintiff went further, and his counsel, in making his opening statement to the jury, said that the plaintiff relied wholly upon the allegation that the defendant was careless and negligent and unskillful in using in said train a defective and unsafe car, and thereby caused the wreck. The specific claim of negligence made by the plaintiff was that a freight-car near the middle of the train was so old and rotten that it broke in two in the middle, and caused the derailment of the passenger-coach which was at the rear end of the train. It was claimed that the sills of the freight-car were rotten. The plaintiff introduced evidence tending to support his claim. It is an unisputed fact that the freight-car did break in two near the middle, and no other cause for the accident is suggested than something connected with this freight-car. It was contended, however, by the defendant, that the sills of the car were not rotten, but sound; that the car did not break of its own weight, or because of the small load it contained, but that by reason of some hidden defect, which a careful examination failed to disclose, either

the front trucks slipped back towards the middle of the car, or in some other way it was subjected to a violent wrench which broke it in two. Witnesses on behalf of the defendant testified that they examined the sills and that they were sound. There was evidence tending to show that the broken car came from Kansas City through Osawatomie ; that the defendant employed a number of car inspectors, whose duty and custom it was to carefully inspect the cars passing through Osawatomie ; that the numbers of all defective cars were entered on what is called a bad-order book, and such cars were detained for repairs ; that the number of this car did not appear on the bad-order book. It was also shown that the conductor made such casual inspection of the cars in his train as it is practicable for a conductor to make.

The court, over the objection of the defendant, allowed the plaintiff while introducing his evidence in chief to prove that one Colburn had come to him at two different times, and talked about a compromise of his claim for damages ; that Colburn said he was adjuster for the company. There was no

1. Agency,
   proof of.      direct evidence that Colburn was the agent
                  of the company, and his declarations as to such agency are mere hearsay. (*Railway Co. v. Stults*, 31 Kas. 752.) C. F. Day, a witness for the plaintiff, was permitted to testify over objection, that the conductor of the train, immediately after the accident, said, "If these damned car inspectors would pay attention to their business there would be less wrecks." W. J. Walton, another witness, testified to having hauled a load of stuff from the wreck for one Inglehart, a car repairer of the defendant at Sedan ; that Inglehart said the material came from the wrecked car, and also said, "That if it had not been for that

rotten car, there would not have been any wreck there." The witness also testified to the unsoundness of the material he hauled. John Foster also testified to substantially the same statement having been made by Inglehart. None of these declarations of employees of the defendant were made in connection with the performance of any duty for the defendant. They were not made in connection with the transaction of any business which authorized them to speak on the subject of what caused the wreck. Their statements were therefore not binding on the defendant, nor properly admissible in evidence against it. (*Railway Co. v. Stults,* supra; *Donaldson v. Everhart,* 50 Kas. 718; *Railway Co. v. Pointer,* 9 id. 620; *Sanborn v. Railway Co.,* 35 id. 292; *Dodge v. Livingston,* 38 id. 526.)

*2. Hearsay evidence— declarations of agent.*

It is not seriously claimed that this testimony was admissible, but it is urged that the plaintiff proved every fact necessary for him to establish, and that inasmuch as it was not incumbent on him to make proof showing the particulars in which the railway company was negligent, the mere fact of his having offered incompetent testimony for that purpose is not prejudicial to the defendant, and must therefore be disregarded. This claim would be sound if there were no testimony in the case but that offered by the plaintiff. If the plaintiff had sufficiently established his cause of action by competent testimony the mere introduction of other testimony for the same purpose which was incompetent would of course be harmless. But in this case the defendant offered testimony for the purpose of overthrowing the *prima facie* case made by the plaintiff, and if the testimony offered by the defendant was entitled to be given any weight or consideration by the jury then the incompetent testimony became

material, and when thrown in the scale and weighed with the competent was of course prejudicial to the rights of the defendant.   We cannot uphold this verdict unless we can say that all of the testimony offered by the defendant is clearly insufficient to establish a defense to the plaintiff's *prima facie* case. It is not for this court to weigh conflicting testimony.   No matter how strong or weak the testimony may appear to us, its force is to be determined by the jury.   The defendant in this case offered proof of what it claimed was due diligence in the inspection of the car which caused the accident. Unless we can say as a matter of law that all that is proven by the defendant's witnesses utterly fails to show that the defendant used due diligence, we cannot hold the admission of this testimony immaterial.   Whether the accident was caused by rotten sills in the car was a disputed fact, as to which there was direct testimony on both sides.   The plaintiff introduced no evidence tending directly to show any other defect in the car.   That offered by the plaintiff tended to show that there was some other defect in the car which caused the injury, and that such defect could not be readily detected by inspection.   The jury have found in favor of the plaintiff's claim that the timbers in the car were rotten.   Their verdict for damages is based on this fact.   The testimony erroneously admitted tended directly to support this special finding.   We are unable to see how we can treat it as of no consequence.   Nor can we say that the jury must have found under the defendant's own evidence alone that there was negligence on its part in failing to detect the defect in the car.   Although railroad companies are held to the utmost diligence in providing for the safety of passengers, and are liable for the

3. Injury to passenger— incompetent evidence— new trial.

slightest negligence, the plaintiff's recovery must yet be because of some neglect or fault of the railway company or its employees. Of the facts of the case, the jury and not the court are the judges, and in determining those facts only competent evidence should be considered.

The judgment must be reversed, and a new trial ordered.

All the Justices concurring.