THE STATE OF KANSAS v. HENRY H. BOYLAND
AND REESE McCURTY.

ASSAULT WITH INTENT, ETC.; *Incompetent Evidence.* B. and M. were charged with an assault with intent to commit a rape on Anna B., the wife of the defendant B. On the trial, the wife testified to certain shameful words and acts of the defendants committed several days subsequent to the date of the alleged offense, showing a willingness on the part of B. that the wife might be debauched by M. *Held,* Irrelevant to the issue; therefore incompetent and sufficiently prejudicial to be material error.

*Appeal from Dickinson District Court.*

AT the March Term, 1880, of the district court, the appellants, *Boyland* and *McCurty,* were tried, convicted and sentenced to four years' imprisonment at hard labor in the state penitentiary, on a charge of committing an assault with intent to commit a rape upon Anna M. Boyland, the wife of the said *Boyland.* They now appeal to this court.

*McClure & Humphrey,* and *Smith & Davison,* for appellants.
*Hoffmire & Pierce,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: The defendants in this case were tried, convicted and sentenced on a charge of committing an assault with intent to commit a rape on Anna M. Boyland, the wife of the defendant Henry H. Boyland, one of the defendants, in Dickinson county. They now appeal to this court. The misconduct of a juror, the improbability of the testimony to sustain the charge, and the admission of illegal evidence, are alleged as grounds against the conviction and in support of a reversal of the judgment. After an examination of the whole record, we deem it only necessary to notice the objection to certain evidence.

The prosecuting witness testified on the trial that the assault was made about the 15th day of July, 1879; that her

husband threw her down with her back on the floor of a stable and held her by her shoulders; that at the same time Reese McCurty caught hold of her feet and attempted forcibly to ravish her; that he was unsuccessful in his efforts; that after the defendants were foiled in their purpose, they got up and all went to the house of her father-in-law (near by), where they were living; that she stayed there that night, and that nothing more was done that night. After a question as to a conversation with defendant McCurty concerning what took place at a subsequent time, and the answer that he (McCurty) wanted the privilege the husband had given, this question was asked of the witness: "State what next took place between you?" To this, the defendant objected, on the grounds of incompetency and irrelevancy. The court over-ruled the objection, and the witness answered: "The next Sunday Reese claimed he was sick, and lay down on the lounge; he seemed to be asleep, and Henry (Boyland) said, 'Take a paper and keep the flies off of Reese;' the old folks were away; I said, 'Let Reese keep the flies away himself;' my husband said, 'No;' at the same time he pushed me back on the lounge, pushed a newspaper into my hands and told me to keep the flies off of him; I told Henry I didn't want to do that; he said, 'D—— you, you will.'" Then followed the narration of other conversation between the husband and wife, too foul for repetition here. It clearly showed the husband had no regard for the virtue of his wife, and was willing that McCurty might debauch her. All of this evidence, being subsequent to the commission of the alleged offense, and being wholly separate from the particular crime for which the defendants were put upon trial, and not referring in any way to the circumstances attending the commission of such crime, was incompetent and irrelevant. We do not understand upon what theory it was received. The counsel for the state fail to enlighten us in their brief. If it was intended thereby to prove the bad character of the defendants by specific acts of indecent conduct, it was inad-

missible.   If it was sought to show a subsequent assault, it was incompetent.   You cannot prejudice a defendant by proof of particular acts of crime other than the one for which he is being tried, unless the acts have been committed in the preparation for the crime, or the actual doing of the crime, or in concealing it, or its fruits.   The evidence offered does not come within these exceptions.

Neither can we say the evidence tended to corroborate the witness in reference to her prior statements, or to sustain the charge against the defendants.   It was the narration by the witness of subsequent acts and conversations of defendants of a revolting and offensive nature, and proving, if true, the shameful conduct of defendants, and a willingness on the part of the husband that his wife might be debauched by the other defendant, yet not adding anything to the evidence of the commission of the crime of July 15th prior, or furnishing the words of others in attestation of the testimony of the wife. The evidence objected to must have poisoned and inflamed the minds of the jurors and greatly prejudiced the defendants. The admission of this evidence was therefore material error.

The judgment will be reversed, and the cause remanded. The defendants will be returned from the penitentiary and delivered over to the jailer of Dickinson county, to abide the order of the district court of that county.

All the Justices concurring.