THE STATE OF KANSAS v. ROBERT A. STEVENS.

No. 10530.

1. DISTINCT FELONIES—*Information*—*Evidence*—*General Rule.* While two or more distinct felonies of like nature may be united in one information or indictment, the charges should be made under separate and distinct counts; and the general rule that the evidence must correspond with the allegations and be confined to the point in issue is applicable alike in civil and criminal cases.

2. PRIOR PROCEEDINGS—*Judicial Notice.* In a criminal prosecution the court should take judicial notice of the prior proceedings in the case, including those which occurred before the examining magistrate.

*Appeal from Wallace District Court.*

ON January 22, 1896, the defendant, Robert A. Stevens, being charged with rape, was adjudged guilty of attempting to ravish Lulu Snowbarger, a girl under 18 years of age, and he was sentenced to imprisonment in the penitentiary for four years and six months. He appeals from this judgment. The opinion was filed May 9, 1896.

*Bond & Osborn,* for appellant.

*F. B. Dawes,* attorney general, and *B. G. Hurlburt,* county attorney, for The State; *W. S. Roark,* of counsel.

The opinion of the court was delivered by

MARTIN, C. J. : I. The original complaint was filed with the justice of the peace on July 16, 1894, and a warrant was issued on that day for the arrest of the defendant. The complaint, as also the information filed October 17, 1894, charged the commission of the offense on July 1, 1894. The evidence first offered tended to show the time of the offense to be in October, 1892, or on the night that the girl's mother went to Denver

on a two weeks' visit, the day of the month not being shown.  After the girl had testified to this occurrence, she was permitted, against the objection of the defendant, to testify to another affair as happening about July 1, 1894, in the nature of an indecent assault upon her by the defendant.  After the close of the testimony for the prosecution, the court requiring it, the state elected to rely for conviction upon the offense of October, 1892, and the court instructed the jury to disregard the evidence as to any other offense. The court erred in admitting testimony as to the second offense.  It had no relation to the circumstance relied upon for a conviction, and threw no light upon the same. In its nature it could not have been otherwise than prejudicial to the defendant.  The rule that the evidence must correspond with the allegations and be confined to the point in issue is applicable alike in civil and criminal cases.  (1 Bish. Cr. Pr. § 1046 ; 1 Chitty, Cr. Law, 556 ; *The State v. Boyland,* 24 Kan. 186.)    The information contained one count only, and it charged a single crime, and although the state was not bound to prove the time of the commission of the offense just as alleged, yet the defendant was notified by the information that he was charged with one crime only.    The court evidently had the impression that in felonies, as well as in certain classes of misdemeanors, several different offenses of the same nature could be proved under a single charge, and the state might then be compelled to elect upon what particular transaction it would rely for a conviction ; but this rule is not applicable to felonies.  While two or more distinct felonies of like nature may be united in one information or indictment, the charges should be made under separate and distinct counts.  (*The State v. Goodwin,*

46—56 KAS.

33 Kan. 538.)   And where the information charges a single felony, the evidence should be confined to it alone, unless it is necessarily connected or associated with another offense, in which case the evidence as to the two offenses cannot be disassociated, as in *The State v. Folwell*, 14 Kan. 105, and *The State v. Adams*, 20 id. 311, 319.   And sometimes it may be competent to show several distinct acts tending to prove a motive, and there may be other exceptional cases where like evidence may be admitted ; but proof of an assault nearly two years after the crime charged and relied upon, as in this case, does not come within any exception to the rule.   It was well said by Chief Justice Horton in *The State v. Boyland*, supra : "You cannot prejudice a defendant by proof of particular acts of crime other than the one for which he is being tried, unless the acts have been committed in the preparation for the crime, or the actual doing of the crime, or in concealing it or its fruits."   The same subject was incidentally touched upon in *The State v. Bonsor*, 49 Kan. 758, where, although the case was of the same character as that now under consideration, the evidence of several distinct offenses seems to have been admitted without objection.

II.   The trial court, over the objection of the defendant, permitted the state to introduce in evidence the original complaint, the warrant, the requisition upon the governor of Missouri, the justice's docket, the recognizances for the appearance of the defendant, and the information.   They were admitted, as the court said, for the single purpose of showing when the action was commenced and the continuous prosecution of the case.   The defendant claims that this evidence was prejudicial to him, especially that part of the same containing the finding of the justice of

the peace that the crime had been committed, and that the defendant was probably guilty. The defendant claimed that, unless the offense was committed within two years prior to the filing of the information, the prosecution was barred, but no authority was cited except *In re Griffith*, 35 Kan. 377, and this holds only that the filing of a complaint for felony, upon which no warrant is issued nor arrest made, is not such a commencement of the prosecution as will take the case out of the operation of the statute of limitations. In the present case the court should have taken judicial notice that the prosecution was commenced July 16, 1894, and should have so informed the jury without the introduction of any evidence. (*The State v. Bowen*, 16 Kan. 475.) The office of the certified transcript of the examination made by the justice of the peace under section 64 of criminal code (¶ 5127, Gen. Stat. 1889) is to inform the district court as to the proceedings before the magistrate, and in this case the transcript was quite full and explicit. Where a docket is not in existence or is imperfectly kept, or no transcript is on file, it may be necessary to resort to the best evidence obtainable to show the prior proceedings in the case; but then it would seem that the evidence should be introduced merely for the information of the court, and not to go before the jury.

The defendant assigns several other errors, but we think they are not sustained by the record. For the specific errors hereinbefore discussed, however, the judgment must be reversed and the case remanded for a new trial.

All the Justices concurring.