THE STATE OF KANSAS v. HENRY FRANKLIN.
No. 13,964.  (77 Pac. 588.)

SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE—*Evidence Which Tends to Prove Another Crime.* In a criminal case facts relevant to the issue may be given in evidence for the purpose of establishing guilt, although they tend to prove the commission by the defendant of another independent crime.

2. ——— *Conviction of Attempt to Rob Sustained.* Under an information charging robbery in the first degree the defendant may be convicted of an attempt to rob.

3. ——— *Law of an Attempt to Commit the Crime Should be Stated to the Jury, if the Evidence Warrant.* In a criminal prosecution under an information charging an offense consisting of different degrees, it is the duty of the court, if the evidence warrant, to instruct upon the law of an attempt to commit the crime charged.

Appeal from Rush district court; CHARLES E. LOB-DELL, judge. Opinion filed July 7, 1904. Affirmed.

*C. C. Coleman*, attorney-general, and *J. W. McCormick*, county attorney, for The State.

*G. R. McKee*, for appellant.

The opinion of the court was delivered by

BURCH, J. : The appellant was charged with robbery and convicted of an attempt to rob. The property alleged to have been taken was money. The crime was committed at night. On the preceding afternoon and evening the appellant was observed to be gambling, and, upon quitting play, he declared he was "broke." The next day he had money. These facts were proved, and the claim is made that it was error to establish the crime of gambling against him.

The appellant was transient in the locality, and his

depleted financial condition furnished a motive for the, crime. The circumstances narrated were strongly indicative of guilt, and could not be excluded merely because they tended to prove another independent crime. (*The State v. Folwell*, 14 Kan. 105 ; *The State v. Adams*, 20 id. 311, 319 ; *The State v. Stevens*, 56 id. 720, 722, 44 Pac. 992.) The testimony was competent, not to prove another offense, but as circumstances to show the prisoner's guilt. (*Lewis v. The State*, 4 Kan. 296, 309.) The authorities upon this subject are classified and reviewed in an elaborate note found at page 193 of volume 62 of Lawyers' Reports Annotated. (62 L. R. A. 193.)

The information alleged that the assault was made with a pistol. When arrested on the day following the crime the defendant had a pistol. The weapon was taken by the officer, who produced it at the trial. It corresponded, as far as the verbal description in the record extends, with the pistol held by the appellant while conducting the felonious enterprise, and, hence, was properly admitted in evidence. Besides this, the record shows that the pistol had been passed into the hands of the jury, without objection, before it was finally offered in evidence. Therefore, the offer was in fact a formal matter, and the appellant cannot complain of it.

The information charged the robbery of one W. E. Cronkrite, who was not a witness at the trial. On the afternoon preceding the offense Cronkrite had drawn from the bank some thirty dollars, which he placed in a tobacco pouch, covered it with tobacco, and then put it into his pocket. This pouch was taken from Cronkrite's pocket while he stood covered by appellant's revolver. The appellant moved for a discharge upon the state's evidence because it failed to

show that the property described in the information was taken, and the same defect in the evidence is urged upon this appeal. The court denied the motion, and, after instructing upon the crime for robbery, submitted to the jury the law relating to an attempt to rob. The appellant assails this instruction on the ground that a complete offense of robbery was proved, if any crime were proved. The two positions are inconsistent, but the fact that a fair argument may be made for each one shows the wisdom of the trial court's action.

There was no direct evidence that Cronkrite's money was taken, but it would not be unreasonable to infer that it was. Probably it remained in the pouch where he placed it, but he appeared to be anxious for its security, and may have changed its place of concealment, or left it with some one for safe-keeping. The question of fact was preeminently one for the jury.

The crime of robbery is divided by the statute into three degrees. Section 121 of the code of criminal procedure (Gen. Stat. 1901, § 5563) provides:

"Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense."

True, there may be a separate substantive offense of an attempt to rob, but in the case of *The State v. Decker*, 36 Kan. 717, 721, 14 Pac. 283, 286, it was said:

"Even where an indictment or information charges the full commission of an offense, without the slighest intimation that there was any failure on the part of the defendant in the perpetration thereof, or any prevention or interception in executing the same, still he

may be convicted under § 121 of the criminal code of attempting to commit the offense.''

In the case of *The State v. Frazier*, 53 Kan. 87, 90, 36 Pac. 58, 59, 42 Am. St. Rep. 274, the same doctrine was declared.   Whenever the evidence warrants, it is the duty of the court to instruct upon inferior degrees of the crime charged; so, if the evidence warrant, the law of an attempt to commit the crime charged should be given.

The appellant's challenge of the evidence directed the court's attention specially to the possible failure to prove a completed crime.   Therefore, the instruction was necessary if the court were to obey the mandate of the statute and state to the jury all matters of law necessary for their information in giving their verdict.   That the jury gave the appellant the benefit of the doubt and found him guilty of an attempt only, was greatly to his advantage and not at all to his detriment.

The record is free from error and the judgment is affirmed.

All the Justices concurring.