THE STATE OF KANSAS, *Appellee,* v. ALLEN HANSFORD, *Appellant.*

No. 16,173.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Testimony Indicating Defendant's Guilt and Implicating Him in Another Crime.* It is not error to permit the county attorney in a criminal prosecution to state to the jury facts which tend to establish the guilt of the defendant of the crime charged because such facts tend to show that he is also guilty of another and different offense.

2. —— *Same.* It is not error to permit the state in a criminal prosecution to produce testimony which is relevant and material in establishing the defendant's guilt of the crime charged because it also tends to establish his guilt of another and different offense.

3. —— *Statutory Rape Defined.* Sexual intercourse with a female less than eighteen years of age constitutes rape as defined by section 2016 of the General Statutes of 1901, whether it is accomplished by force or with consent.

4. —— *Statutory Rape — Information — Immaterial Allegations—Variance.* In a prosecution for such a crime, where the offense has been committed with the consent of the female and under a promise of marriage, and the information charges that the defendant "did then and there unlawfully, willfully and feloniously make an assault in and upon one Minnie Warrell . . . and in the manner and form aforesaid commit the crime of rape," the language of such information importing the use of force and violence is immaterial and surplusage; and the omission to prove such alleged force and violence upon the trial will not constitute a fatal variance between the allegations of the information and the proof.

5. —— *Instructions.* It is not error for the court to refuse to give an instruction requested when the charge given covers the point mentioned in the instruction requested.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed December 11, 1909. Affirmed.

*Z. T. Hazen,* and *R. H. Gaw,* for the appellant.

*Fred S. Jackson,* attorney-general, *W. E. Atchison,* deputy county attorney, *Arthur J. Bolinger,* assistant county attorney, and *Waters & Waters,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.:  The defendant, Allen Hansford, was convicted in the district court of Shawnee county of having committed the crime of rape on Minnie Warrell, a female under the age of eighteen years, and he appeals to this court to have the rulings of the district court reviewed.

The defendant complains that the attorney for the prosecution, in presenting the case to the jury, informed them that after the commission of the crime of rape as charged he assisted the prosecutrix in procuring an abortion; that this statement was several times repeated, over his objections.  In connection with this objection it is urged that the court permitted evidence to be presented to the jury concerning the commission of an abortion upon the prosecuting witness, in which the defendant displayed an active interest.   In this manner it is said the defendant was compelled to defend against an offense not charged in the information and wholly irrelevant to the real issue to be tried.  As a general proposition it is undoubtedly the duty of the trial court to exclude from the jury all statements, either of counsel or witnesses, which do not relate to the offense charged; but it is equally true that evidence relevant and competent to establish the defendant's guilt of the crime charged is not rendered inadmissible for the reason that it also tends to show the defendant's guilt of another, separate and distinct offense.  (*The State v. Folwell,* 14 Kan. 105; *The State v. Adams,* 20 Kan. 311; *The State v. Reed,* 53 Kan. 767; *The State v. Borchert,* 68 Kan. 360.)

The defendant lived on a farm with his father, who had a large family and employed several farm hands. The prosecutrix also lived in the family, in the capacity of a domestic.  The crime charged was committed in the washhouse, under a promise of marriage.  When the condition of the prosecutrix became known to her and she informed the defendant, he suggested that an

abortion be procured and that the marriage be postponed until after it should be accomplished, and he counseled, aided and assisted her in procuring medical treatment to that end. The defendant denied that he was responsible for her condition, and the whole family testified to admissions made by her that she was more than eighteen years of age. The prosecution depended almost entirely upon the evidence of the prosecuting witness. Any proper evidence which would corroborate and sustain her testimony was therefore material and important. Any conduct of the defendant showing an active agency or interest in the procurement of an abortion, and thereby a concealment of the crime, would to some extent corroborate and sustain the accusation, and was therefore admissible. His conduct was such as would naturally and ordinarily be expected of a guilty person in his situation, the weight, cogency and probative force of such circumstances being questions for the determination of the jury.

It is further claimed that since the information charged that the defendant "did . . . make an assault . . . upon one Minnie Warrell" and "did carnally know and forcibly ravish said Minnie Warrell and in the manner and form aforesaid commit the crime of rape," and the testimony showed that the criminal act was had with the consent of the prosecutrix, there was a fatal variance between the allegations and the proof, on account of which the defendant ought to have been discharged, and that the court erred in denying his motion to be discharged and for a verdict of not guilty. This question has been presented to this court in substantially the same form in several cases where the court expressed a different view from the one here urged. (*The State v. Frazier,* 54 Kan. 719; *The State v. Tinkler,* 72 Kan. 262; *The State v. Rowland,* 73 Kan. 790.) Sexual intercourse with a female under eighteen years of age constitutes the crime of rape. (Gen. Stat. 1901, § 2016.) Whether the act is

accomplished by force or with consent is immaterial. If an information clearly states that the defendant had sexual intercourse with a female under eighteen years of age, it states an offense. No additional words, as "did commit an assault," "did forcibly ravish," or other similar language, will extend, limit or modify the crime charged. Where such words are inserted in an information they may be treated as immaterial and surplusage. We understand that as a general rule it is unnecessary and even improper to produce evidence for the purpose of establishing an immaterial allegation. Where intercourse with a female under eighteen years of age has been accomplished by the use of force, it may be necessary to prove the force in order to establish the intercourse, in which case it will be proper both to allege and prove the force; but where the intercourse is accomplished by consent such pleading and proof is unnecessary. There are crimes where the manner in which they are committed is material and important as indicating the existence of malice, intent, deliberation or some other element of the offense charged. In such cases it is necessary to charge the manner, and prove it as charged; but statutory rape does not belong to that class of crimes. We think the ruling of the court in denying the motion to discharge the defendant or to direct a verdict of not guilty was correct.

About the time the defendant was arrested upon the criminal charge the prosecutrix commenced a civil action against him for damages on account of the same transaction, in which she claimed the sum of $15,000. In view of this situation the defendant requested the court to give an instruction to the jury which reads:

"If you believe from the evidence in this case that Minnie Warrell has now a suit pending in this court for $15,000 damages against this defendant and others growing out of the alleged intercourse upon which this prosecution is based, then you have a right to take that fact into consideration, together with all of the other facts and circumstances proved, in determining what weight you will give her testimony."

Upon that general subject the court gave an instruction which reads:

"You are the exclusive judges of the facts and of the credibility of the witnesses in this case. It is for you to determine what credit and value shall be given to the testimony of the various witnesses, and in doing this you may consider the appearance of the witness upon the stand, his apparent candor and fairness in giving his testimony, his bias or prejudice if any such is shown, his interest in the result of the suit, and his opportunity of seeing and knowing of the things about which he testifies, together with the probability or improbability of his statements, in view of all the other evidence, facts and circumstances proven."

The instruction requested and refused might very properly have been given. It states the law applicable to the situation. It is open, however, to one criticism: undue prominence is given by it to a single phase of the evidence—upon the question of the credibility of the prosecutrix. The court may have refused it for this reason. But the court may refuse an instruction for any reason or for no reason at all if the instructions given by it sufficiently advise the jury upon the same phases of the law mentioned in the instruction requested. We think the instructions given by the court sufficiently cover this question, and we are unable to say that it was error to refuse the one requested.

The defendant and several witnesses testified to statements made by the prosecuting witness to the effect that she was more than eighteen years of age when the intercourse with the defendant occurred, which was directly in conflict with her evidence on the trial. To meet this situation the defendant requested the court to give an instruction to the jury which reads:

"One of the modes recognized in law for impeaching a witness is to show that the witness has made statements out of court different from the statements made in court on some matters in controversy. If you believe from the evidence in this case that the witness, Minnie

Warrell, prior to the commencement of this prosecution, made statements out of court different from the statements made by her upon the witness-stand in this case, then you may disregard her testimony entirely or determine to what extent her contradictory statements shall discredit her as a witness."

In place of this the court gave the following instruction:

"One of the recognized modes of proving the age of a person is by proving what such person has said about his or her age; and the age of Minnie Warrell can be proved by showing what she has said as to her age. If she has made statements at different times and places that she was more than eighteen years of age at the time of the alleged sexual intercourse, and from such statements so made by her you have a reasonable doubt as to what her age was at the time of the alleged sexual intercourse, then the state would not be entitled to a conviction."

We do not think the defendant has any reason to complain of this. The instruction given by the court is correct and sufficient. We do not concur in the criticism of it by the defendant.

We do not find any error in the record, and the judgment is affirmed.