No. 20,911.

ISADORE SMITH, *Appellant*, V. GEORGE HERN, *Appellee*.

SYLLABUS BY THE COURT.

1. FALSE ARREST—*Pleadings—Damages—Necessary Allegations*. In an action to recover damages for false arrest, where the petition alleges that by reason of the false arrest the plaintiff's business greatly declined and was damaged in the sum of $1,000, it is not reversible error to require the plaintiff to set out in his petition specifically and in detail how he was thus damaged.

2. SAME—*Officer May Arrest Without a Warrant*. An officer may arrest a person without a warrant where the officer has reasonable grounds to believe that a felony has been committed by the person arrested.

3. FALSE ARREST—*Receiving Stolen Goods—Evidence of Other Similar Offenses*. In an action to recover damages for false arrest, where the defendant seeks to justify the arrest by proving that the plaintiff had knowingly received feloniously stolen goods, evidence is admissible to prove that the plaintiff had on other occasions knowingly committed a similar offense.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed February 9, 1918. Affirmed.

*Carr W. Taylor,* and *F. Dumont Smith,* both of Hutchinson, for the appellant.

*F. L. Martin, Van M. Martin,* and *John M. Martin,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages for false arrest. A jury returned a verdict in favor of the defendant, judgment was rendered in his favor, and the plaintiff appeals.

1. The plaintiff's original petition was attacked by a motion asking the court to require the plaintiff to amend the petition in a number of particulars. That motion was allowed in part and denied in part. An amended petition was then filed; that petition was attacked by another motion, which was allowed in part and denied in part. A second amended petition was then filed; that petition was attacked in a similar manner,

and that attack was sustained in part and denied in part. A third amended petition was filed, and that petition was attacked in like manner, but the motion was denied. Complaint is made of the manner in which the plaintiff's several petitions were treated on the hearing of the motions, but no specific error is pointed out on which to attack any order made by the court on the hearing of any of the motions.

The plaintiff's original petition contained the following:

"Plaintiff further states that by reason of said willful, wanton, malicious, oppressive and unlawful conduct of the defendant he has been publicly disgraced, defamed and humiliated and greatly injured in his business, reputation and standing in this community, and that by reason thereof as above alleged, he has been damaged in the sum of $5,000.00 general damages, and $3,000.00 exemplary damages, in the aggregate the sum of $8,000.00."

The plaintiff was required to amend that petition by setting out the amount claimed for injury to business and the amount claimed for injury to reputation and standing in the community. In the first amended petition, the allegation above referred to appeared as follows:

"As a result thereof this plaintiff was damaged in his business in the sum of $1,000. That by reason of said false arrest, this plaintiff was greatly humiliated and put to shame, to his damage in the sum of $5,000. That as a result of the said arrest and the publicity thereof, which necessarily followed, this plaintiff was damaged in his reputation in the sum of $2,500."

The plaintiff was again required to amend his petition by setting up the facts and details showing how he was damaged in his business in the sum of $1,000. In the second amended petition, that allegation appeared as follows:

"As a result thereof the business of this plaintiff greatly declined and he was damaged in his business in the sum of $1,000.00. That by reason of said false arrest, this plaintiff was greatly humiliated and put to shame, to his damage in the sum of $5,000.00. That as a result of the said arrest and the publicity thereof, which necessarily followed, this plaintiff was damaged in his reputation in the sum of $2,500.00."

The plaintiff was required to amend his second amended petition by setting out specifically and in detail how he was damaged in his business in the sum of $1,000. This order of the court was not complied with. If the damage to the plaintiff's business, as alleged in the second amended petition, was capable of proof, if there was any evidence to prove such dam-

Smith v. Hern.

age, the facts and details showing how the plaintiff was thus damaged could have been shown. The court did not order that the allegation concerning damage to business be stricken from the petition. That allegation was voluntarily omitted from the third amended petition. It was not prejudicially erroneous to require the plaintiff to state in detail how he was damaged in his business.

Other than as stated, the plaintiff's cause of action appears to have been fully stated in his third amended petition. Some of the other orders made by the court on the motions may have been erroneous, but it does not appear that they were prejudicially so. It does not appear that any fact was not alleged that should have been alleged by the plaintiff in order to state his cause of action.

2. The defendant was chief of police of the city of Hutchinson. In his answer, he set up a general denial, which constituted a denial of the arrest, and he set up justification for the arrest; that justification was that the defendant had reasonable grounds for believing that the plaintiff had recently received feloniously stolen goods, knowing that the goods had been so stolen, and that the plaintiff was guilty as an accessory after the fact, and that it was the intention of the defendent to have the plaintiff brought to trial upon these charges.

The plaintiff quotes the following language from *Prell v. McDonald,* 7 Kan. 426:

"When the acts of officers in arresting and imprisoning a person are void, they are liable to the party injured, although they may have acted in entire good faith. When an officer acts without authority, or exceeds his authority, he is liable, whether he acts maliciously or not." (Syl. ¶ 9.)

The language quoted does not sustain the position of the plaintiff unless the acts of the defendant were void. According to *Prell v. McDonald,* those acts were not necessarily void. In that case the court said:

"It must be presumed from the evidence that the plaintiff committed the offense with which he was charged, which was a breach of the peace by fighting; and it must be presumed that the defendant Files made the arrest on sufficient information. In such a case he would not at common law be liable." (p. 446.)

An officer may arrest without a warrant where he has reasonable grounds to believe that a felony has been committed by the person arrested. (*Garnier v. Squires,* 62 Kan. 321, 325,

62 Pac. 1005; *Railway Co. v. Hinsdell,* 76 Kan. 74, 76, 90 Pac. 800; 2 R. C. L. 450; 5 C. J. 399.)

There was evidence which tended to show that the plaintiff was not arrested. If that evidence was believed by the jury, a defense sufficient to defeat the plaintiff's action was established. There was also evidence which tended to show sufficient facts to justify the defendant in arresting the plaintiff without a warrant, and in holding him on the charge of either having knowingly received stolen goods, or of being an accessory thereto after the fact. That evidence, if believed by the jury, likewise constituted a sufficient defense to the plaintiff's action. Those defenses were submitted to the jury under proper instructions, and the jury rendered a general verdict in favor of the defendant. That verdict may have been properly based on the evidence that there was no arrest, or on the evidence that the defendant had knowledge of facts sufficient to justify him in arresting the plaintiff.

3. At the time of the transaction complained of in this action, the plaintiff was a junk dealer in the city of Hutchinson, and he had been engaged in that business for some years. On the trial, the defendant introduced evidence which tended to show that the plaintiff had on other occasions knowingly received stolen property. The plaintiff says:

"The most grievous error that we complain of was the admission of evidence of other alleged offenses at times preceding the arrest."

The plaintiff's contention is against the weight of authority. A clear statement of the rule concerning the introduction of evidence of other similar offenses on a charge of having received stolen goods is found in 2 Wharton's Criminal Evidence, 10th ed., page 1660, as follows:

"A very great latitude is allowed in the reception of evidence relating to the possession of stolen goods. Thus, evidence that there were other instances of the reception by the defendant of stolen goods is relevant; that the accused had received such goods from the same person; that he bought them at an inadequate price; that he received them at unusual hours of the night; and other unusual or suspicious circumstances attending the possession."

This rule is supported by a number of authorities, although in some of them it is stated that generally it must be shown that the goods were received from the same person, but this qualification is not found in all the authorities. (24 A. & E.

Encycl. of L., 2d ed., 53; 1 Wigmore on Evidence, § 324; 4 Chamberlayne on Modern Law of Evidence, § 3225; 10 Ency. of Ev., p. 673, subdiv. D; 34 Cyc. 525.)

In a note on "Evidence of other crimes in criminal case," under a subdivision "Receiving stolen property," 62 L. R. A. 193, 269, this language is found:

"Receiving stolen property knowing it to be stolen is a crime in which, as its name implies, the guilty knowledge of the theft must be established to justify a conviction. It is for this reason that, on a trial for this offense, evidence of a former receipt by the accused of goods under circumstances showing knowledge of their having been stolen is competent and admissible, though it establishes, or tends to establish, a distinct crime."

The general rule is, that the evidence is admissible if it tends directly to prove the defendant guilty of the crime charged, although it may also tend to prove a distinct felony, and thus prejudice the accused. (*The State v. Folwell,* 14 Kan. 105; *The State v. Adams,* 20 Kan. 311, 319; *The State v. Burns,* 35 Kan. 387, 389, 11 Pac. 151; *The State v. Reed,* 53 Kan. 767, 774, 37 Pac. 174; *The State v. Stevens,* 56 Kan. 720, 722, 44 Pac. 992; *The State v. Kirby,* 62 Kan. 436, 444, 63 Pac. 752; *The State v. Franklin,* 69 Kan. 798, 799, 77 Pac. 588; *The State v. Hansford,* 81 Kan. 300, 301, 106 Pac. 738.)

In a prosecution for forgery, this court said:

"For the purpose of proving that the accused had knowledge of the false character of the instrument which he is charged with uttering and passing, it is competent to show that at about the time of the offense he possessed or uttered other similar forged instruments." (*The State v. Calhoun,* 75 Kan. 259, syl. ¶ 4, 88 Pac. 1079.)

(See, also, *The State v. Chance,* 82 Kan. 388, 391, 108 Pac. 791.)

These are the rules in criminal prosecutions. The present action is not a criminal prosecution; it is a civil action for damages. The defendant was undertaking to justify his action in causing the arrest of the plaintiff—if the plaintiff had been arrested. By the evidence complained of, the defendant was seeking to establish the fact that the plaintiff had on prior occasions knowingly received stolen goods. The defendant sought to establish that fact for the purpose of showing that he had information sufficient to justify him in arresting the plaintiff. It was not necessary for the defend-

ant to introduce evidence sufficient to establish the plaintiff's guilt; it was only necessary for the defendant to introduce evidence sufficient to show that he was justified in arresting the plaintiff. There was no error in admitting that evidence.

Other matters are presented by the plaintiff; they have been examined, but have been found insufficient to warrant a reversal of the judgment.

The judgment is affirmed.