No. 27,791.

The State of Kansas, *Appellee,* v. Melvin Baker, *Appellant.*

(263 Pac. 1059.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Evidence—Competency of Facts Tending to Prove Another Crime.* In the trial of a criminal case facts relevant to the issue are not incompetent, for the reason that they tend to prove another crime.

Appeal from Kingman district court; George L. Hay, judge. Opinion filed February 11, 1928. Affirmed.

*P. D. Gardiner,* of Wichita, and *S. S. Alexander,* of Kingman, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Paul R. Wunsch,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was found guilty of highway robbery. His sole complaint here is that the court permitted evidence to be received of another crime than that charged in the information. Under the facts of this case the complaint has no merit.

The facts are substantially as follows: Doctor Wallace is a physician and conducts a drug store in Belmont, a small town in Kingman county. About 7:30 o'clock one Sunday evening some persons drove up in front of the drug store in a Ford touring car with the side curtains on. The store was closed. One of them inquired of a Mr. Blodgett, who was on the street, where the doctor lived, and was directed to the doctor's residence. Soon thereafter someone came to the doctor's residence and told the doctor's son, who answered the door, that he wanted to get some medicine. This was communicated to the doctor, who got ready and went down to

Criminal Law, 16 C. J. p. 588 n. 8.

his store. When he reached there the automobile was standing in front of his store and a young man on the street said he wanted to get a bottle of Castoria. The doctor unlocked the store, went in and started to wait on the customer, who drew a gun on the doctor and commanded him to hold up his hands. About that time another man wearing a mask came in the store. The two of them forced the doctor to open the cash drawer in the safe and searched the premises. They evidently thought the doctor had a substantial sum of money somewhere about the store, but they were unable to find it. They got 95 cents from the doctor. They finally told him to get out of the store and go home, which the doctor promptly did, the men leaving the store about the same time he did. While these two men were in the store a young man by the name of Yeager rode up on horseback and got off his horse. There seems to have been a third man in the car who engaged Yeager in conversation. One of the men came out of the drug store drew a gun on Yeager and robbed him of three dollars. The doctor had gone on a few feet from the drug store when he turned and saw the robbery of Yeager.

It is the evidence of this robbery of Yeager that is complained of as the other crime than that charged in the information. It is clear from the evidence that the same persons who robbed Doctor Wallace robbed Yeager, and they did so immediately after coming out of the drug store. The evidence was competent if for no other reason than as a part of the movements of the men who robbed the doctor. All of the movements of the men there at that time were competent evidence on the charge of robbing the doctor. The fact that this evidence disclosed that the parties were guilty of another crime does not render it incompetent.

In *State v. Franklin,* 69 Kan. 798, 77 Pac. 588, it was held:

"In a criminal case facts relevant to the issue may be given in evidence for the purpose of establishing guilt, although they tend to prove the commission by the defendant of another independent crime."

In that case earlier cases from this and other courts were cited. Later cases to the same effect are: *State v. Hansford,* 81 Kan. 300, 106 Pac. 738; *State v. Nordmark,* 84 Kan. 628, 114 Pac. 1068; *State v. Brown,* 85 Kan. 418, 116 Pac. 508; *State v. Lewark,* 106 Kan. 184, 186 Pac. 1002; *State v. King,* 111 Kan. 140, 206 Pac. 883; *State v. Minnick,* 113 Kan. 385, 214 Pac. 111.

We have examined the authorities cited by appellant and find they are not in point. It will not be necessary to analyze them.

While no specific point is made of it, there is quite a little said in the briefs as to the identification of the accused as being one of the robbers. On this point there is substantial competent evidence to sustain the verdict.

The judgment of the court below will be affirmed.