No. 45,985

STATE OF KANSAS, *Appellee*, v. JOHN WAYNE FRANKLIN, *Appellant*.

(479 P. 2d 848)

Opinion filed January 23, 1971.

*Philip L. Sieve*, of Kansas City, Kansas argued the cause and was on the brief for the appellant.

*Nick A. Tomasic*, Chief Deputy County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, John Wayne Franklin, was convicted of assault with intent to kill. He contends on appeal, first, that the verdict not only is unsupported by the evidence but is against the weight of the evidence, and second, that the trial court erred in allowing the state to impeach one of its own witnesses.

There should be no need to point out, at this late date, that we do not weigh evidence on appeal. If there is evidence to support the verdict it will be sustained, even though there is contrary evidence. (See cases in 2 Hatcher's Kansas Digest [Rev. Ed.] Criminal Law, § 438.)

In the case at bar there was ample evidence from which guilt could be inferred. Two eye-witnesses to the assault identified the defendant as having fired the shot into his victim's abdomen.

As a defense, the defendant contended the weapon he carried on the day in question was a blank gun, capable of firing only blank cartridges. Supporting this theory there is evidence of record that twice the defendant fired his pistol at the victim's head at close range, without wounding him.

It was the jury's function to evaluate such evidence within the framework of the entire evidence adduced, including the eyewitness testimony taken in conjunction with evidence that flashes came from the gun fired at the victim's head and that the same weapon can fire both blank and live ammunition.

Obviously the jury was unimpressed with Franklin's story that the weapon he carried was a blank gun. Perhaps they were fortified in their unbelief by the fact that when the defendant testified at the trial on his own behalf, he conveniently failed to produce the gun which he claimed to be harmless.

The defendant's second point is likewise without merit. In the first place, the questions put to the state's witness on re-direct examination concerned a matter first brought out by the defense on cross-examination. Secondly, K. S. A. 60-420 permits any party to examine a witness, including the party who calls him, as to any conduct or matter relevant upon the issue of credibility.

We discern no error in this case and the judgment of the trial court is affirmed.