No. 47,858

STATE OF KANSAS, *Appellee*, v. ELMER EMERY, *Appellant*.

(543 P. 2d 897)

Opinion filed December 13, 1975.

*Frank E. White, Jr.,* of Leavenworth, argued the cause and was on the brief for appellant.

*Patrick J. Reardon,* county attorney, argued the cause and *Curt T. Schneider,* attorney general, and *Michael D. Reed,* special prosecutor, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from a verdict and judgment finding the defendant, Elmer Emery, guilty of aggravated burglary and rape.

The sordid facts are briefly summarized.

Between 12:30 and 1:00 a. m., June 30, 1973, the appellant entered the home of the complaining witness at 917 Chestnut Street, Leavenworth, Kansas. Her husband had gone to work about two hours earlier, and she was alone in the house except for her three children—ages four years, three years and seven months.

The children were asleep in their bedroom and the complainant was asleep in her bedroom when she was awakened by the garage door being opened and her small dog barking. She heard footsteps coming upstairs from the recreation room. She went to her bedroom door to ask who was there and she saw the appellant standing about two feet from her face. He ordered her into her bedroom with further instructions to get in bed and cover her head. He then asked her for money. She directed him to her pocketbook in the dining room from which he took three one-dollar bills and

some change. He was continually threatening to kill her and the children unless she did as he told her.

The appellant then ordered the complainant down the stairs to the recreation room where he made her lie down on a couch and he raped her. He left, telling her not to tell anyone or he would come back to kill her and the children. She immediately called a neighbor who came and took the complainant and the children to her home. Complainant then called the police and was taken to a doctor.

On two occasions the lights were turned on and they were so arranged that the complainant got a good look at the appellant's features. Later, while riding with her husband she saw the appellant on the street and identified him as the rapist. She again identified him from a group of photographs of five different people submitted to her by the police, and also identified him at the trial. The complainant testified she was absolutely positive appellant was the man.

The appellant first contends there was not sufficient evidence to sustain the conviction, particularly in the crucial area of identity. The contention is without merit. What was said in the statement of facts need not be extended here. There was ample evidence of identity. This court does not weigh the evidence in a criminal appeal. The determination of the weight of the evidence is the function of the trier of facts. (*State v. Franklin,* 206 Kan. 527, 479 P. 2d 848.)

The appellant complains the district court erred in denying his motion to suppress the eyewitness identification. He argues the photographic identification was suggestive. Counsel for appellant was given ample opportunity at trial to expose to the jury any improprieties in the photographic identification. On the motion to suppress, after a full and complete evidentiary hearing the district court denied the motion.

In *Simmons v. United States,* 390 U. S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968), the Supreme Court ruled with respect to the question of the possible hazards of an initial identification by photograph:

". . . The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. In-

stead, we hold that each case must be considered on its own facts, and that convictions based on evewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. . . ." (p. 384.)

As indicated, the victim had ample opportunity to view the appellant at the time of the crime. The victim testified she was absolutely positive that the defendant was the man, and that she got several looks at him. The testimony continued:

"Q. How can you be so positive?

"A. Because at the time he was doing this I had no weapon or anything in my house to protect myself or my children. The only thing that stuck in my mind was to remember this man, remember everything I could possibly think of remembering about him, so that I could get him and have him put away so he couldn't come back and hurt me or my children or put anybody else through such an ordeal as I went through that night.

"Q. Mrs. . . . eventually the man left, right?

"A. Yes, sir.

"Q. And did he say anything to you before leaving or after he had had intercourse with you? Did he say anything more before he left?

"A. Yes, sir, he told me I had better not tell anybody that this had happened, and I had better not call the police and better not tell my husband or anybody else, because if I did he would come back and get me, he would get me and my children, and he would kill us. . . ."

In *State v. Lora,* 213 Kan. 184, 515 P. 2d 1086, it was held:

"In-court identifications may be found capable of standing on their own feet even though preceded by deficient pretrial confrontations." (Syl. ¶ 6.)

The testimony of the witness was positive; the in-court identification was based solely on the victim's observations at the scene of the crime.

The appellant next contends the district court erred in excluding evidence of his willingness to submit to a polygraph test. The point is not well taken. Evidence of the result of a lie detector test is not admissible. (*State v. Emory,* 190 Kan. 406, 375 P. 2d 585; *State v. Lowry,* 163 Kan. 622, 185 P. 2d 147.) In *State v. Emory,* it was held that evidence of the refusal of an accused to take a lie detector test is incompetent. An accused might well be willing to take a lie detector test if the results could not be used against him, but his willingness to take the test may not be shown in his favor. Since the result of such a test is inadmissible, the offer itself constitutes no more than a self-serving statement which the district court was not obligated to admit into evidence.

Neither do we find any merit in the appellant's contention that it was error to allow testimony of a police lieutenant as to the reaction of the victim on viewing the photograph of the appellant. The victim was shown five photographs by the police lieutenant who testified as to what she did with them:

"A.  I handed her the stack of photographs as I had laid them on the desk. She started through one photograph at a time. When she came to the suspect, which was the fourth photograph, she immediately took a great inhalation of breath, and she commenced to shake and said, 'this is the man, this is the man that raped me.'

"Q.  Now what photograph did she identify there? Look on the back for the number.

"A.  State's Exhibit Four.

"Q.  And who is the person in State's Exhibit Four.

"A.  Elmer Emery."

The testimony went only to the degree of certainty demonstrated by the witness at the confrontation.

The appellant objects to the refusal of the district court to give a requested instruction concerning identity. The record includes the requested instruction but not the court's instructions to the jury. It is incumbent on a party arguing that the district court erred in not giving requested instructions to bring up all instructions given by the district court. Otherwise, there is no way for this court, on review, to determine what may or may not have been included in the instructions given. Absent a showing to the contrary, we must presume the action of the district court was correct and that proper instructions were given. See, *State v. Lemon,* 203 Kan. 464, 454 P. 2d 718; *Beye v. Andres,* 179 Kan. 502, 296 P. 2d 1049; *Wheeler v. Jackson,* 132 Kan. 742, 297 Pac. 427; *State v. Volmer,* 6 Kan. 371.

Finally, the appellant contends the district court erred in allowing the victim to answer a question in rebuttal which was a mere repeat of that asked and answered during the state's case in chief.

An examination of the record discloses that the answer was not permitted to stand. The question reads:

"Q.  And Mrs. . . . there has been, since your testimony, there has been certain alibi testimony presented in this court. So I have only one question to ask you. Insofar as your identification of the defendant is concerned, are you sure—"

The objection to the question was overruled. The answer was:

"A.  Yes, sir, I am absolutely positive. And if he does have people that came in and said that, they have seen him or he has alibis, they must be very much mistaken. I think anybody that would help and lie for a person

like this, to do something like this, something must be really wrong with them. I don't see how anybody can.

"Mr. White: I would object, Your Honor, it's not responsive to the question.

"The Court: The Court will sustain the objection."

The answer was objected to and sustained by the court. There was no further testimony or requests of the court.

We would also call attention to *Jacks v. Cloughley,* 203 Kan. 699, 457 P. 2d 175, where we stated:

"The appellants argue the so-called rebuttal witness did not testify concerning any matters to rebut the appellants' evidence; but that the appellee was allowed to reiterate and emphasize to the jury the physical condition of the appellee by way of this so-called rebuttal witness. It is argued this, being the last evidence heard by the jury, created a lasting image in the minds of the jury and thereby prejudiced the appellants in the trial of this action.

"A trial judge is vested with considerable discretion in the matter of receiving rebuttal testimony. (*Bennett v. LaDoux,* 194 Kan. 216, 398 P. 2d 590; and *State v. Neff,* 169 Kan. 116, 218 P. 2d 248.) The ruling of the trial court will not be ground for reversal unless it appears that the discretion has been abused to the appellants' prejudice. (*State, ex rel., v. Stout,* 101 Kan. 600, 168 Pac. 853; and see K. S. A. 60-261.)" (l. c. 703.)

In 29 Am. Jur. 2d, Evidence, § 250, it is said:

". . . Rebutting evidence is that which is given to explain, repel, counteract, or disprove testimony or facts introduced by or on behalf of the adverse party. Such evidence includes not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but also, evidence in denial of any affirmative fact which the answering party has endeavored to prove." (pp. 298, 299.)

We have diligently searched the record and have considered each of the appellant's points and find no error.

The judgment is affirmed.