Johnston v. Clements.

ALFRED JOHNSTON, *et al.*, v. FRANCIS P. CLEMENTS.

1. STATEMENTS *of One Alleged Partner; Evidence.* Where two persons are sued as partners, and the question of partnership is put in issue, the statements of one of such persons, in the absence of the other, is not evidence against the other that they are partners.

2. FACT ALLEGED, *But Denied; Error.* Where an alleged fact is not only controverted by the adverse party, but is an important fact in the case,. it is error for the court in charging the jury to assume the existence of such fact as one of the facts proved in the case.

3. —— *Evidence.* Where two trials have been had in a case, and the plaintiff testified at both, and professed to testify in full at both, and at the second trial testified that his testimony at both with respect to certain particulars was substantially the same, *held,* under the circumstances,. that evidence might be introduced to show that, with reference to said particulars, concerning which he testified at his second trial, he gave no testimony at the first trial.

4. OBJECTION TO EVIDENCE, *Invalid Ground for.* Where an objection to evidence is made on grounds stated as follows: "On all the grounds ever known or heard of," the objection should not be entertained by the court.

### *Error from Neosho District Court.*

AT the April Term, 1879, of the district court, *Clements,* as plaintiff, had judgment against *Johnston* and another, as defendants, who bring the case to this court. The nature of the action, and the facts, sufficiently appear in the opinion.

*Hall & Hill,* for plaintiffs in error.

*W. L. Simons,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Francis P. Clements against Alfred Johnston and Samuel Knott, as partners, for damages resulting from the death of the plaintiff's mare, alleged to have been caused by the negligence of the defendant Knott. The case was tried in the court below by a jury, and the principal questions of fact tried by the jury are as follows:

1. Were Johnston and Knott partners?

2. Was Knott guilty of negligence?

3. And if Knott was guilty of negligence, was his negligence the cause of the death of the mare?

There were some errors committed by the court below in submitting these questions to the jury, among which are the following:

I. The court after permitting evidence to be introduced showing that Knott had made statements in the absence of Johnston that he and Johnston were partners, then refused to give the following instruction to the jury:

"8. The statements of the defendant Knott made when the defendant Johnston was not present, are not to be considered by you as evidence against the defendant Johnston for the purpose of proving a partnership of the defendants."

And the court gave the following instruction:

"In determining whether there was a partnership between the defendants, you (the jury) may take into consideration not only what the conversation or verbal agreement was, but also their acts and declarations." [That is, the acts and declarations of Johnston and Knott.]

In giving and refusing these instructions, we think the court below erred. Whether Johnston and Knott were in fact partners, we do not think it is necessary to determine in this case, as probably we do not have the entire facts in the case or the true facts before us. But upon this question, see *Beecher v. Bush*, recently decided by the supreme court of Michigan, 23 Albany Law Journal, 317.

II. If the defendant Knott was negligent at all, his negligence consisted in permitting the "false entry" mentioned in the instruction hereafter quoted, and which was given by the court to the jury. This alleged false entry, and the alleged fact that it produced the death of the mare, were not only controverted facts, but they were the most important facts to be tried in the case. Indeed, they were the pivotal facts upon which the case must necessarily have been decided. And yet the court below, erroneously, as we think, assumed their ex-

istence as facts proved in the case, in giving the said instruction to the jury, which instruction reads as follows:

"The court instructs you that the defendant Knott, in serving the plaintiff's mare with his stallion, was bound, and it was his duty, in law, to exercise ordinary diligence in the management of the stallion to prevent a false entry or injury to the mare; and ordinary diligence in this connection means such a degree of care, skill and diligence in the management of the stallion as the keepers of stallions ordinarily exercise in the management of stallions for the service of mares. Therefore, if you believe from the evidence that the defendant Knott could have prevented a false entry by the use of such ordinary diligence, and that a false entry is and can be universally prevented by the exercise of such diligence, and results only from negligence and want of care and attention, *then the court instructs you, that you should find for the plaintiff and against the defendant Knott.*"

No one saw the alleged "false entry," but it was proved, if proved at all, solely by circumstantial evidence.

III. Two trials were had in this case — the first before a justice of the peace, and the second in the district court; the last of which is the one which resulted in the judgment which the plaintiffs in error (defendants below) now seek to have reversed. The plaintiff below was a witness at both of these trials, and in the district court he testified that his evidence at the trial in the justice's court was substantially the same as it was in the district court; that with reference to certain material facts which he had testified to in the district court, (and which the defendants claimed was the first time which he had testified to the same,) he testified that he had also testified to such facts before the justice of the peace. Afterward, the defendants introduced witnesses who had heard all the plaintiff's testimony at both trials, to prove that the plaintiff, in the justice's court, testified that with reference to certain matters which included these material facts, he had given full and complete testimony in the justice's court; and also to prove by these same witnesses that, in fact, he had not testified to these material facts at all in the justice's court; but the court below,

upon objection being made by the plaintiff below, refused to permit the testimony of these witnesses to be introduced, so far as it tended to show what the plaintiff had not testified to before the justice of the peace. We think the evidence should have been received.

IV. The court below also entertained objections and excluded evidence where the grounds of the objections were stated as follows: "On all the grounds ever known or heard of." The court should not have entertained these objections. Objections made in that form are unfair, both to the court and to the adverse party, and entertaining such objections tends to lower the dignity of the court.

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.