35 387
50 368

## The State of Kansas v. Louisa Burns.

1. Intent, *Evidence to Show.* Where a person is charged under § 253 of the act regulating crimes and punishments with willfully disturbing the peace and quiet of another person and his family, and the county attorney relies for a conviction upon the conduct of the defendant on a particular day, previous conduct of the defendant of a similar character, in connection with other facts, may be shown for the purpose of showing that the conduct of the defendant on the particular day was willful.

2. Conviction, *When Sustained.* And where such conduct is directed primarily against some person other than the prosecuting witness and his family, and is wrongful and willful, and the natural and necessary consequence of such conduct is to disturb the peace and quiet of the prosecuting witness and his family, and this the defendant knows, a conviction will be sustained.

*Appeal from Washington District Court.*

PROSECUTION under § 253 of the crimes act. From a conviction at the November Term, 1885, the defendant *Burns* appeals. The facts sufficiently appear in the opinion.

*Lowe & Smith*, for appellant.

*Omar Powell*, county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This is a criminal prosecution under § 253 of the act regulating crimes and punishments, Comp. Laws of 1879, ch. 31, § 253 — in which it was charged as follows:

"On the 23d day of September, 1885, in the county of Washington and state of Kansas, one Louisa Burns did then and there unlawfully and willfully disturb the peace and quiet of one Silas Blodgett and of the family of said Silas Blodgett, by making loud and boisterous noises and by uttering profane and vulgar oaths, and by rude and indecent behavior, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Kansas."

The action was commenced before a justice of the peace, where the defendant was found guilty, and sentenced. She then appealed to the district court, where she was again found guilty, and was sentenced to pay a fine of $10, and to pay the costs of the prosecution; and from this sentence she now appeals to this court.

The statute under which she was convicted reads as follows:

"SECTION 253. Every person who shall willfully disturb the peace and quiet of any person, family or neighborhood, shall, upon conviction thereof, be fined in a sum not exceeding $100, or be imprisoned in the county jail not exceeding three months."

The defendant, who is the appellant, presents only two questions to this court, which are stated by her counsel as follows:

"*First*, Appellant claims that the court erred in allowing the county attorney to make statements to the jury of other of-

fenses than the one charged, and in admitting evidence to sustain those offenses.

"*Second*, That the court erred in refusing to give the instruction asked by her and in modifying it and giving it as modified."

We do not think that these claims of error are tenable. *First*, The uncontradicted evidence introduced on the trial showed that the defendant was guilty beyond all reasonable doubt, and therefore the above supposed errors, if errors, are immaterial. *Second*, The court below did not commit error in any of the respects above mentioned.

The "other offenses than the one charged," mentioned by the defendant's counsel in his first assignment of error, are offenses of a character similar to the one intended to be charged, and were committed by the defendant from one to three days prior to the commission of the one intended to be charged, and are offenses of which she might have been found guilty under the allegations of the charge. Besides, the statements made by the county attorney and the evidence introduced by him concerning these other offenses were made and introduced for the purpose of showing that the acts committed by the defendant on September 23, 1885, and claimed by the county attorney to constitute the offense charged, were not innocently or rightfully committed, but were *willfully* and unlawfully committed. We think that for the purposes of a conviction the proof of these other offenses was unnecessary, but still, as this proof and the facts connected therewith tended to prove the *willfulness* of the acts committed by the defendant on September 23, 1885, and which acts the county attorney claims constitute the offense which he intended to charge against the defendant, we think the proof of such other offenses was not wholly irrelevant. Indeed, we think that such proof was competent and relevant, though probably unnecessary. (*The State v. Folwell*, 14 Kas. 105; *The State v. Adams*, 20. id. 311, 319.) Besides, in misdemeanor cases such as this, evidence of separate and distinct offenses may be introduced in evidence, provided each offense

1. Competent evidence to show intent.

is fairly charged within the terms of the complaint — the defendant simply having the right at the close of the evidence for the prosecution, to require the prosecution to elect upon which offense it will rely for a conviction. (*The State v. Schweiter*, 27 Kas. 500, 512; *The State v. Crimmins*, 31 id. 376, 379, 380.)

The defendant asked the court to instruct the jury as follows:

"In this case the defendant, Louisa Burns, is charged with willfully disturbing the peace of one Silas Blodgett and his family, in the county of Washington and state of Kansas, on the 23d day of September, 1885. Before you can find the defendant guilty, the evidence must be such as satisfies your minds beyond a reasonable doubt that the defendant did at the time and place charged intentionally and purposely disturb the peace and quiet of Silas Blodgett or his family. And for the purpose of conviction it is not sufficient for the state to show by the evidence that the peace and quiet of said Blodgett and his family were disturbed by the acts or conduct of defendant, but the evidence must be such as convinces your judgment that defendant purposely and intentionally did the acts complained of with a view of so disturbing the peace and quiet of said Blodgett or his family."

The court gave the above instruction, and then, as an addition thereto, gave the following:

"Although the words and acts of the defendant may have been primarily directed against some person other than Blodgett or his family, yet if the defendant's words and acts were wrongful and willful, and the natural and necessary consequences of them were the disturbance of Blodgett and his family, the defendant is equally guilty as though she had no other intention than the disturbance of Blodgett and his family. The defendant is presumed to be innocent until her guilt is established by the evidence to your satisfaction beyond a reasonable doubt."

It is this addition to the defendant's instruction of which she really complains. We think, however, it is

2. Correct charge; conviction sustained.

correct. It is probably true that the objectionable words and acts of the defendant were directed primarily against a man who had formerly been her

husband; but it is also true, in all probability, that he was not the only person whom she wished to annoy. Blodgett and his family kept a boarding-house, and her former husband took his meals there, and evidently the defendant desired to annoy Blodgett and his family, as well as her former husband. She in fact annoyed Blodgett and his family, and their boarders, and all the neighborhood around. And this she knew, for Blodgett and others had so informed her on previous occasions, to wit, September 20th and 22d, 1885, when she was guilty of other unlawful conduct of a similar character. The proof and statements of these previous occasions are the matters of which the defendant complains in her first assignment of error.

The judgment of the court below will be affirmed.

All the Justices concurring.