## THE MISSOURI PACIFIC RAILWAY COMPANY v. G. M. CARPENTER.

AGENCY—*Question of Authority for Jury—Erroneous Instruction.* Where, in an action against a railroad company for damages growing out of alleged negligence on part of the company in complying with a verbal contract between the plaintiff and the company's agent, the company denies the authority of the agent to make the contract, and there is evidence tending to prove that the agent had no authority to make the contract, it is error for the court to assume that the agent had authority, and so instruct the jury. The question of authority should be submitted to the jury.

*Error from Chautauqua District Court.*

THE opinion states the case.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error.

*Whitney & Donaldson*, and *J. D. McBrian*, for defendant in error.

Opinion by STRANG, C.: G. M. Carpenter, plaintiff below, on the 4th of July, 1887, placed in the yards of the Missouri Pacific Railway Company, at Sedan, Kansas, a lot of hogs preparatory to shipping them. He alleges he made a verbal

contract with one Ray, agent of said company at Sedan, by which Ray agreed to feed and furnish water to said hogs while they were in the yards, sufficient to keep them in good condition; that Ray did not furnish sufficient water to the hogs, by reason of which eleven of them died; that said contract was made with Ray as the agent of the said railroad company, and therefore the railroad company is liable for the loss of the hogs. The company refused to pay for the hogs, and on the 22d day of December, 1887, Carpenter brought his action to recover from the company the value of the hogs as damages. The case was tried December 31st, and a judgment rendered against the defendant, the Missouri Pacific Railway Company, for $250 and costs. An appeal was taken to the district court of Chautauqua county, and was there tried on the 9th of March, 1888, by a jury, resulting in a verdict for the plaintiff below for $125.50. A motion for a new trial followed, which was overruled, and the company brings the case here, asking this court to reverse the judgment of the district court. Of the errors assigned, the first relates to the instructions of the court, given as follows:

"There is some evidence in this case tending to show that the agent of the railroad company had no authority to make the contract which was made in this case, but the court is of the opinion that whether the agent had such express authority or not from the railroad company, he had implied authority to make such contract from his general authority as such agent of the defendant at this place. The court is of the opinion that the contract for the care that was to be bestowed upon this stock was such a reasonable one that as the agent of the defendant at this place would have the right to make in and about and by virtue of his general authority as the station agent of the railroad company at this place, so that the court in this case does not submit to you as a question of fact in this case whether the agent had express authority to make this contract or not in this case. I submit to you only the question of fact whether the contract was made, and whether it was complied with by this railroad company, and if not, how much the plaintiff is entitled to recover for the damages that resulted from such failure."

These instructions we think are erroneous.    The judge says:

"There is some evidence tending to show that the agent of the railroad company had no authority to make the contract which was made in this case."

This statement is hardly as strong as the facts made the evidence, as there is not only a total want of any evidence tending to show that the agent had any authority to make the contract, but positive evidence that he did not.    The contract was an oral one, and there was positive evidence that the agent was instructed not to make any contract touching shipments except in writing; and yet the court instructed the jury that the agent had authority to make the contract.    The as-

Agency—question of authority, for jury—erroneous instruction.

sumption in this instruction was unwarranted. It was not alone an assumption of authority growing out of the character of the agent's employment with the company, but it was directly in the face of the evidence that the agent was prohibited from making such contracts.    The court should at least have submitted the question of authority in the agent to make the contract to the jury. (*Gano v. C. & N. W. Rly. Co.*, 49 Wis. 59; *Chapman v. N. W. Rly. Co.*, 26 id. 296; *Voorhees v. C. R. I. & P. Rly. Co.*, 30 N. W. Rep. 29; *Mo. Pac. Rly. Co. v. Stults*, 31 Kas. 752.)

In the last clause of the instructions above copied, the court assumes that damages accrued to the plaintiff below, if the jury should find a contract was made and the defendant below did not comply with it.    This assumption is also unwarranted.    The court should have left it to the jury to say whether damages followed, at all as well as how much. (*Johnston v. Clements*, 25 Kas. 376; *Heithecker v. Fitzhugh*, 41 id. 50; *Gano v. C. & N. W. Rly. Co.*, 49 Wis. 59.)    Complaint is also made that the court erred in rejecting evidence that should have been received.    Among other questions asked to which objections were sustained, were the following:

"Q. I will ask you if you don't know you had read the rules and regulations for the transportation of live stock by the Missouri Pacific Railway Company, in which the authority

of the agent was confined strictly to the written or printed live-stock contract, and in which these rules expressly stated that he had no authority or power to make any contract other than that contained in the printed contracts?"

"Q. And whether you did not know it was the rule and regulation of this company in the shipment of stock, and which was a part of its contracts that you had heretofore made, and which you knew you would be required to make in this case, that the owner of the stock was required to take care of, feed, water and attend his stock while the same may be in the stock-yards of the railroad company, and that you knew it was the rule and regulation of the company that while awaiting shipment the stock would only be held at the risk of the owners?"

The court should have permitted answers to these questions. They related directly to the issue upon the question of the agent's authority to contract with Carpenter, and tended to prove that the agent had no authority to make the contract, and also that Carpenter knew he had no such authority. It was cross-examination, because Carpenter had just testified fully in regard to the contract he alleged he had made with the agent. The defendant below offered to prove by Carpenter, the plaintiff, that he knew at the time he made the alleged verbal contract with the agent, that it was the rule of the company that the shipper should take care of, feed, water and attend his stock while in the stock-yards awaiting shipment, and that he knew the agent had no authority to make a contract to waive that portion of the regular contract of shippers. The court sustained an objection to this offer, which we think is error for reasons above stated. But the plaintiff, being a witness on the stand when the offer was made, remarked in relation thereto, to the jury, "I don't know that." This statement the defendant below requested the court to withdraw from the jury, which it refused to do. This we think was error also. The court, having refused the offer, should not have permitted any evidence to go to the jury in relation to it. The statement having been made by the witness to the jury, it should have been withdrawn. For these errors we

recommend that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.