THE STATE OF KANSAS, *Appellee,* V. FRANK COOPER, *Appellant.*

No. 16,920.

SYLLABUS BY THE COURT.

FORGERY—*Evidence of Another Offense than the One Charged.* In a prosecution for the crime of forgery the state may in- ·troduce evidence of other forgeries of a similar character committed by the defendant prior to the commission of the one for which he is being tried.

Appeal from Labette district court. Opinion filed November 5, 1910. Affirmed.

*Francis M. Brady,* for the appellant.

*Fred S. Jackson,* attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *M. E. Williams,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: The defendant was convicted of the · crime of forgery in the district court of Labette county, and he appeals to this court. The appellant was in- debted to a bank at Altamont, and desired to borrow from J. M. Piper the money ($81) with which to pay the debt. To obtain this loan he proposed to give a note executed by J. W. Boggess and two other persons, which was satisfactory. He obtained a blank note and started as if to obtain the signatures of the persons named. After a time he returned to Mr. Piper with the note properly signed, and obtained the money. The name of Boggess was incorrectly written, being W. J. instead of J. W. The note when due was paid by the appellant. The signatures of the two other persons were attached by the parties at the appellant's request. The only question was as to the signature of Boggess. The appellant testified that he presented the note to Mr. Boggess where he was at work, and that Boggess re-

quested the appellant to sign the note for him, and gave the appellant a pencil for that purpose. In making the signature the appellant transposed the initials by mistake. Mr. Boggess denied the entire transaction. The evidence of these two witnesses was the only testimony presented, and they were directly opposed to each other.

The state then produced testimony to the effect that the appellant had previously committed another forgery of a similar character. This was objected to, and the admission of this evidence is assigned as error and is the principal objection presented. The rule is well settled that testimony tending to show the commission of an offense other than the one charged is not admissible where there is no connection between them; but this rule has its exceptions. Where one of the material elements of the offense charged is a particular intent, as in the offense of forgery, such evidence may be given to establish such intention. (13 A. & E. Encycl. of L. 1109; 19 Cyc. 1417; 4 Ell. Ev. § 2994; 3 Greenl. Ev., 16th ed., § 111; *State v. Hodges*, 144 Mo. 50.)

The case of *People v. Molineaux*, 168 N. Y. 264, in 62 L. R. A. 193, 249, has a note appended to it which fully collates the cases upon this subject in a very satisfactory manner, and the weight of authority seems to sustain the view taken by the trial judge in this case. The court fairly and fully instructed the jury as to the purpose for which the evidence was admitted, and to what extent it should be considered by them. In fact the appellant's rights seem to have been carefully guarded throughout the trial. We are unable to find any material error, and the judgment is affirmed.