THE STATE OF KANSAS, *Appellee*, v. HENRY JUSTUS *et al.*, *Appellants*.

No. 17,524.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Preliminary Examination—Plea in Abatement.* A person charged with a felony, and who had been admitted to bail, was brought before a magistrate for preliminary examination, and when the testimony in support of the prosecution was produced the defendant moved for a discharge on the ground that probable cause for charging him with the offense had not been shown. The magistrate then postponed the hearing and took the motion under advisement for twenty-four hours, and when that time arrived and the defendant did not appear the magistrate decided that an offense had been committed and that there was probable cause to believe defendant guilty of the offense and ordered that he be bound over for trial. The bond was given, and at a trial in the district court, where he was convicted, defendant contended that he had not had a preliminary examination because he was not present when the order was made and that he had not been permitted to offer testimony in his own behalf. *Held*, that the examination, in which all of the testimony of the prosecution was offered, afforded the defendant reasonable notice of the nature of the offense charged against him and fairly accomplished the purpose of a preliminary examination, and, further, that he could not defeat the proceeding by neglecting to appear before the magistrate at the time to which the adjournment was taken.

2. INFORMATION—*Duplicity—No Motion to Quash.* The uniting of a charge of felony with another of the same general character which constitutes a misdemeanor is not ground for the reversal of a judgment of conviction where no motion to quash the information was filed nor any attack made on the information on the ground of duplicity until after the conviction was obtained.

3. ———— *Charging Offense in Several Ways—Not Repugnant.* When an offense, as defined by statute, may be committed in several ways, the information may, in a single count, charge its commission in any or all of the ways which are not repugnant to each other.

Appeal from Seward district court. Opinion filed April 6, 1912. Affirmed.

*C. V. Manatt,* for the appellants.

*John S. Dawson,* attorney-general, and *Clyde R. Commons,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: A complaint was filed before a justice of the peace charging appellants jointly with running, operating and maintaining a gambling house, and setting up and maintaining gambling devices in it, and further charging appellants with gaming in a common gambling house, and with gambling. At a preliminary hearing in the justice court the state introduced its evidence, and then the appellants filed a motion to discharge them on the ground of insufficiency of the evidence. After the argument of this motion the justice announced an adjournment and that he would take the matter under advisement for twenty-four hours. When that time arrived the appellants did not appear before the justice, and, without further testimony, he overruled the motion and decided upon the evidence that there was probable cause to believe the appellants to be guilty of the offenses charged and bound them over to the district court. An information containing three

54—86 KAN.

counts was filed in the district court, but the conviction was based only on the second count. In that count appellants were jointly charged with keeping a gambling house, in which gambling devices were set up and used and to which persons were accustomed to resort for the purpose of gambling, and of gambling, and of enticing others to gamble. A plea in abatement was filed, in which appellants stated that they had not had a preliminary examination, although charged with the commission of a felony, but the plea was properly overruled.

A preliminary examination was held, which was attended by appellants, and wherein the state introduced its testimony, from which the committing magistrate determined that an offense had been committed and that there were grounds for believing that appellants were guilty. Under the statute appellants were entitled to have their witnesses examined, if any they had (Crim. Code, § 49), but they did not ask to have any sworn and examined and were not even present at the reconvening of the justice court. What their purpose was in absenting themselves from the court is not stated, but if they had appeared they would doubtless have had an opportunity to present any testimony they had. When the magistrate decided that the testimony was sufficient to bind over and the appellants did not offer any testimony the magistrate was warranted in committing them for trial. They had given bonds for their appearance, but they could not defeat the proceeding by neglecting to appear at the time to which the court was adjourned. Their absence was, in effect, a waiver of the right to offer testimony in their own behalf. The examination that was conducted, in which the evidence of the state was presented, fairly acquainted them with the charge upon which they were to be prosecuted, and this is the purpose of such an examination. It has been decided that "when the question is raised by a plea in abatement, as in the present case, we think the only

questions presented for consideration are, whether an attempt has been made to give the defendant a preliminary examination, and whether by such attempt reasonable notice has been given to him with regard to the nature and character of the offense charged against him." (*The State v. Bailey,* 32 Kan. 83, 89, 3 Pac. 769; see, also, *The State v. Geer,* 48 Kan. 752, 30 Pac. 236.) This kind of notice was given appellants, and hence the plea was properly overruled.

It is next contended that appellants were allowed but six peremptory challenges, whereas each was entitled to that number under the ruling in *The State v. Durein,* 29 Kan. 688. While counsel for appellants insists that they were deprived of their rights in this respect the record is against them. In the judgment of the court it is said, in connection with the recital of the impaneling of the jury, that "said jury having been accepted by both the plaintiff and the defendants and each of them having exercised six of the peremptory challenges allowed to them by law, and no request being made for any additional challenges, and the following jurors, to wit," etc., proceeded to try the case. We must accept the record as it is written, and appellants, having been accorded all the challenges to which they were entitled, and no others having been made or requested, there is no ground of complaint on this score.

There is complaint that the information charged several offenses but no motion to quash on the ground of duplicity was filed. In the second count there was a charge of a felony under section 239 of the crimes act (Gen. Stat. 1909, § 2725) and a misdemeanor under section 340a (Gen. Stat. 1909, § 2735). Distinct substantive offenses should, of course, be charged in separate counts, and doubtless if proper objection had been made it would have been sustained. The uniting of offenses of the same character in one count is not a ground for reversal unless there is a timely challenge of the defect by an appropriate motion.

The same question is raised on the instructions given by the court, but as appellants chose to submit their case on informal charges the objection on that ground is not available. Each appellant was convicted of but one felony and one misdemeanor. It is immaterial that in charging the commission of the felony several acts were alleged to have been committed by appellants. Where an offense may be committed in several ways the information may, in a single count, charge its commission in any or all of the ways which are not repugnant to each other. (*The State v. Hewes*, 60 Kan. 765, 57 Pac. 959; *The State v. Kornstett*, 62 Kan. 221, 61 Pac. 805; *The State v. Way*, 76 Kan. 928, 93 Pac. 159.)

The testimony, although its sufficiency is challenged, appears to be sufficient to sustain the charge that appellants not only gambled but were operating a gambling house. The proof that there was gambling in the house with cards and dice was abundant and there is sufficient to show that Black as well as Justus was engaged in operating it. The verdict points out, with reasonable certainty, the offense of which each was convicted, and the judgment is affirmed.