No. 21,894.

THE STATE OF KANSAS, *Appellee*, v. FREDERICK SHUMAKER, Jr.,
*Appellant.*

### SYLLABUS BY THE COURT.

1. DESECRATION OF AMERICAN FLAG—*Blacksmith Shop a "Public Place."*
A blacksmith shop is a public place within the meaning of section
3706 of the General Statutes of 1915.

2. SAME—*Language Used—Contempt on Flag.* The language quoted in
the information set out in the opinion, when used concerning the
United States flag, casts contempt on that flag.

3. SAME—*Evidence—Previous Use of Contemptuous Language.* On a
trial under an information charging the public use of language cast-
ing contempt on the United States flag, evidence may be introduced
to show the previous use of other language expressing contempt for
that flag.

4. SAME—*No Error Shown by Record.* A judgment will not be reversed
for alleged error in rejecting evidence where there is nothing to show
what the rejected evidence was.

5. SAME—*Trial—Proper Instruction.* It was not error for the court to
instruct the jury that the use of the language charged in the infor-
mation constitutes a violation of section 3706 of the General Statutes
of 1915.

Appeal from Nemaha district court; WILLIAM I. STUART,
judge. Opinion filed November 9, 1918. Affirmed.

*R. M. Emery,* and *R. M. Emery, jr.,* both of Seneca, for the
appellant.

*S. M. Brewster,* attorney-general, and *Horace M. Baldwin,*
county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment of
conviction on an information in part reading:

"That on the 12th day of February, 1918, in the County of Nemaha
and State of Kansas, one Frederick Shumaker, jr., did then and there,
unlawfully, publically [publicly] defile, defy or cast contempt on the
flag of the United States of America by then and there saying in words
as follows: 'It is nobody's business.' . . ."

The rest of the language charged to have been used ex-
pressed a very vulgar and indecent use of the flag, and the

court is of the opinion that the exact language should not find a permanent place in the reports of its decisions.

1. The defendant's first contention is that the verdict is contrary to law and is not sustained by the evidence. This contention is based on the proposition that the language used was not used in a public place.

The statute under which the defendant was convicted is section 3706 of the General Statutes of 1915, and in part reads:

"Any person who . . . shall publicly mutilate, deface, defile, or defy, trample upon, or cast contempt, either by words or act, upon any such flag, standard, color, or ensign [of the United States], shall be deemed guilty of a misdemeanor."

The defendant was in a blacksmith shop in the town of Wetmore when he used the language for which he was convicted. A blacksmith shop is a place to which the people of a community resort for the purpose of having machinery and tools repaired and iron work done. It is a public place. (*Cemetery Association v. Meninger,* 14 Kan. 312; *City of Howard v. Stroud,* post, p. 743, 65. Pac. 249; 6 Words and Phrases, 5806; 4 Words and Phrases, Second Series, 23; 14 A. and E. Encycl. of L. 678; 32 Cyc. 1249.)

2. The next proposition urged is that the language used did not cast contempt on the flag. In response it must be said that it is hard to conceive of language that would express greater contempt for the flag of the United States than that used by the defendant. Such language will not, cannot, be used by any man in any place concerning our flag, if he has proper respect for it. The man who uses such language concerning it, either in jest or in argument, does not have that respect for it that should be found in the breast of every citizen of the United States. Such language concerning our country's flag will not be used except for the purpose of casting contempt on it.

3. The state was permitted to prove that about a year previous, in February, 1917, on the day of the funeral of General Funston, the defendant went into the city of Wetmore and observed the United States flags at half-mast, and said: "What in hell is going on? I see you got the rags on the poles." The defendant complains of the introduction of that evidence. It was competent for the purpose of proving the intent or motive with which the defendant used the language charged in the in-

formation. (*The State v. Burns,* 35 Kan. 387, 11 Pac. 161; *The State v. Stevens,* 56 Kan. 720, 722, 44 Pac. 992; *The State v. Cooper,* 83 Kan. 385, 111 Pac. 428; *The State v. Hetrick,* 84 Kan. 157, 163, 113 Pac. 383.)

4. The defendant complains of the rejection of evidence by which he sought to establish his intent, motive, and purpose in using the language charged. An examination of the abstracts, both for the plaintiff and for the defendant, fails to disclose the evidence that was excluded. The error, if there was error, in rejecting that evidence is not available to the defendant, for the reason that the court is unable to determine whether it was admissible or inadmissible.

5. The defendant complains of the following instruction:

"If you believe from the evidence in the case beyond a reasonable doubt that the defendant, Frederick Shumaker, jr., uttered the words, or in substance uttered the words, either by way of argument or otherwise, as charged is said information, then the court instructs you that such words so spoken constitutes a violation of the section of the Crimes Act hereinbefore quoted."

What has been said concerning the effect of the language used, applies here. The language itself expressed contempt for, and cast contempt on, the United States flag; and the court was justified in instructing the jury that the language used constituted a violation of the statute.

The judgment is affirmed.