No. 23,806.

THE STATE OF KANSAS, *Appellee*, v. ADDISON P. MOORE, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Attempt to Commit Rape—Sufficient Information.* An information, drawn under sections 3392 and 3328 of the General Statutes of 1915, charged that the defendant attempted "to forcibly ravish and carnally know" a woman of the age of eighteen years, and set out the acts done in the attempt. *Held,* that the information charged an offense.

2. ATTEMPT TO COMMIT RAPE—*Evidence of Force.* Evidence of any force used by a man in an attempt to have carnal knowledge of a woman against her will is sufficient to uphold a verdict of guilty under a charge of an attempt to commit rape.

3. SAME—*Requested Instruction Refused.* It is not reversible error to refuse to give an instruction as requested, where it is otherwise given in substance.

4. SAME—*Instruction Not Erroneous.* Under a charge of an attempt to commit rape, an instruction which states that the attempt must be made with the intention to ravish and carnally know the woman against her will correctly states the law concerning one of the elements of the offense.

5. SAME—*Voluntarily Abandoning Effort to Commit Rape.* A man may be guilty of an attempt to ravish and carnally know a woman against her will, although he voluntarily ceases his efforts before he succeeds·in accomplishing his purpose.

6. SAME—*Force Used Intended to Overcome Resistance.* To commit the offense of an attempt to ravish and carnally know a woman against her will, it is not necessary that the force used be reasonably calculated to overcome resistance, nor that it be intended to use force sufficient to overcome all resistance.

7. SAME—*Instruction—Failure of Complainant to Make Outcry.* On account of an incorrect assumption of facts shown by the evidence, it was not reversible error for the court to refuse to give a requested instruction concerning the failure of the woman to make prompt outcry or complaint within a short time after the attempt.

8. SAME—*Correct Statement Concerning Alibi.* The instructions correctly stated the law concerning *alibi,* and the statement contained in the instruction naming the essential elements of the offense, that it may have been committed at any time within two years prior to the time when the action was commenced, was not misleading.

9. SAME—*Evidence of Previous Solicitations by Defendant.* Under a charge of an attempt to commit rape, it is proper to show previous unsuccessful solicitations to have carnal knowledge of the woman where in such solicitations he threatened to use force.

10. SAME—*Cross-examination of Prosecuting Witness.* It is not error to refuse to permit cross-examination of the prosecuting witness concerning a conversation had by her with one who is not a witness, where the fact that such a conversation had occurred was developed on cross-examination, and where none of the conversation had been testified to in chief, and no foundation had been laid for the introduction of contradictory statements.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed March 11, 1922. Affirmed.

*Robert Garvin,* of St. John, *C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellant.

The State v. Moore.

Richard J. Hopkins, attorney-general, and Ray H. Beals, county attorney, for the appellee; Paul R. Nagle, Harry T. Gray, and William Davison, all of St. John, of counsel.

The opinion of the court was delivered by

Marshall, J.: The defendant appeals from a judgment convicting him of attempting "to forcibly ravish and carnally know" Naomi Moore, a woman over eighteen years of age.

1. The defendant filed a motion to quash the information. The motion was overruled, and the defendant insists that the motion should have been sustained. The information was drawn under sections 3392 and 3328 of the General Statutes of 1915. Section 3392 in part reads as follows:

"Every person who shall be convicted of rape . . . by forcibly ravishing any woman of the age of eighteen years or upwards, shall be punished. . . ."

Section 3328, so far as it applies to this action, reads:

"Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof shall, in cases where no provision is made by law for the punishment of such attempt, be punished as follows."

The information charged that the defendant unlawfully, feloniously and wilfully attempted "to forcibly ravish and carnally know one Naomi Moore," a woman of the age of eighteen years. (It may be proper to say that the word "forcibly" in the expression "forcibly ravish" adds nothing to the word "ravish.") The information set out the acts done by the defendant in the attempt charged and alleged that the defendant was the father of Naomi Moore. The information was good.

2. The defendant contends that the offense charged was not proved. Naomi Moore testified clearly, positively, and directly to the acts of the defendant. It is unnecessary and probably is improper to describe those acts in detail in this opinion. It is enough to say that the statements of the defendant accompanying those acts evinced an intention on his part to ravish Naomi Moore, and that those acts consisted of the use of force in an effort on his part to overcome her resistance to his advances and showed that he attempted to have sexual intercourse with her against her will. The evidence showed that she resisted by kicking and striking, and that she pleaded with the defendant for him to desist. After a struggle of four or five minutes, he ceased his efforts and went away.

The defendant argues that "the state must prove that the defendant intended to use such force as was necessary to have carnal intercourse with the prosecuting witness, over her resistance and against her will, and that this intent continued until he was prevented, intercepted, or failed." The defendant was not intercepted in his attempt to commit the crime. For four or five minutes he was prevented from so doing by the complainant. After that length of time, the defendant ceased his efforts. Why, does not appear. It may have been because of the complainant's resistance, because of her pleading, or because of both. But, in any event, the defendant during that attempt, according to the evidence, intended to ravish the complainant. The defendant quotes from *The State v. Ruth,* 21 Kan. 583, 589, as follows:

"There must be actual physical resistance. The female, when assailed, must persist, though she knows resistance will be vain. She must fight, though she may believe this course will bring upon her other and perhaps greater violence. She must cry aloud, though she knows no relief is near. She must arouse her sleeping infant sisters to be witnesses to the outrage, though she knows they can render her no aid."

That quotation does not correctly state the rule that was adhered to by the court in that case. The quotation states the rule that was there contended for by the defendant. There has been an advancement in the law to protect women from men who would forcibly compel them unwillingly to endure outrages of this character. The man who resorts to force to compel a woman to submit to his desires should and must take the consequences of the exertion of that force. The law should not closely measure the extent of her resistance, nor closely measure her efforts to alarm others. So long as she is an unwilling victim, and so long as the man resorts to any force to have intercourse with her, the man must bear the consequences of his criminal act. If the defendant is correct, no man who attempts to ravish a woman and fails can be successfully prosecuted unless his attempt is foiled by outside influences.

The language in *People v. Norrington,* (Calif.) 202 Pac. 932, may well be quoted in answer to the defendant's argument.

"The weakness of appellant's argument lies in the fact that his counsel overemphasize the necessity for extreme resistance by the woman, and overlook the effect of defendant's intent as manifested by his conduct. . . . The importance of resistance by the woman is simply to show two elements of the crime—the assailant's intent to use force in order to have carnal knowledge, and the woman's nonconsent." (p. 935.)

*State v. Neil,* 13 Idaho, 539, declares the rule. that should be followed in determining the guilt or innocence of the defendant charged with an offense of this character. That court there said:

"A large number of authorities are cited by counsel for appellant to the effect that the state must show in such cases that the female 'showed the utmost reluctance and used the utmost resistance.' (*DeVoy v. State,* 122 Wis. 148, 99 N. W. 455.) To our minds the trouble with a number of these authorities is that they reverse the order of the inquiry; they go about inquiring into the kind, character and nature of the fight put up by the woman, rather than the nature of the assault and evident and manifest purpose and intent of the assailant. For the purpose of reaching the conclusions announced in some of these cases it is necessary to assume that, in the first place, a man has a right to approach a woman, lay hold on her person, take indecent liberties with her, and that unless she 'kicks, bites, scratches and screams' (*People v. Morrison,* 1 Park Cr. Rep. 625), to the 'utmost of her power and ability,' she will be deemed to have consented, and indeed to have invited the familiarity. Such is neither justice, law nor sound reason. On the contrary, under the statute a case might arise where a conviction could properly be had for assault with intent to commit rape, and still no personal encounter or contact have ever taken place. In fact, many such cases are reported." (p. 547.)

3. The defendant requested a number of instructions which were in substance given by the court, although not in the language in which they were asked. No reversible error can be based on an instruction given substantially as requested.

4. The court instructed the jury concerning the elements of the offense. The defendant insists that this instruction said nothing about the resistance of the complainant or the intention of the defendant to overcome such resistance. The instruction stated as one of the elements that the attempt must be made by the defendant with the intention to ravish and carnally know Naomi Moore against her will. That instruction correctly stated the law and, when considered with other instructions concerning the nature of the force employed, was all that was necessary for the court to give on that question.

5. The defendant requested an instruction in substance that if the defendant ceased his efforts without the intervention of circumstances independent of his own will, the law presumes that he did not have the intention to ravish the complainant. The instruction requested did not correctly state the law. If the defendant attempted to ravish the complainant, he is guilty although, after making an unsuccessful attempt, he voluntarily ceased his efforts.

6. The defendant requested the following instruction:

"No person under the laws of the state, can be guilty of an attempt to commit rape unless the evidence shows beyond a reasonable doubt that the attempt was made by the use of force in the manner charged in the information, and that the force intended to be used was reasonably calculated to overcome resistance, taking in consideration the relative strength of the parties and all the other circumstances of the case, and that the defendant intended by the use of such force to overcome any resistance of the prosecutrix, Naomi Moore, and by the use of such force accomplish the offense of rape."

This instruction did not correctly state the law. It was not necessary that the amount of force used be reasonably calculated to overcome resistance, nor that the amount of force used be intended to overcome all resistance. It was immaterial whether the amount of force was sufficient to overcome resistance or reasonably sufficient to overcome that resistance, if force was used in an attempt to have intercourse with the complainant against her will.

7. The defendant asked the court to instruct the jury that—

"It is necessary for the state to prove that the prosecuting witness, Naomi Moore, used physical resistance to prevent said attempt, and I instruct you that the failure of the said prosecuting witness to make prompt outcry or complaint within a short time after said alleged attempt is a circumstance to be considered by the jury tending to show that the said prosecuting witness did not resist said alleged attempt, and is a circumstance to be considered by the jury as tending to disprove one of the essential elements of the crime charged."

The court refused to give that instruction in the form in which it was presented. The matter was not directly covered by the instructions of the court. The evidence tended to show that the prosecutrix did inform others of the conduct of the defendant; that she left home a short time after the occurrences charged in the information; and that complaint concerning it was filed with a justice of the peace about two months thereafter. The instructions concerning the consideration of the evidence was in all other respects eminently fair and proper. The court might have properly instructed the jury concerning Naomi Moore's complaint of the defendant's conduct, but the requested instruction assumed that complaint had not been made, and the instruction was an invitation to the jury to find that the complainant had not resisted. It was not prejudicial error to refuse the instruction requested. (*Johnston v. Clements*, 25 Kan. 376; *Baughman, sheriff, v. Penn*, 33 Kan. 504, 6 Pac. 890; *Mo. Pac. Rly Co. v. Carpenter*, 44 Kan. 257, 24 Pac. 462; *Railway Co. v. McClure*, 58 Kan. 109, 48 Pac. 566.)

8. The court instructed the jury that—

"Before the defendant can be convicted of the charge contained in the in

formation, it is incumbent upon the State to prove and establish by the evidence and beyond a reasonable doubt each one of the essential elements of the information. These essential elements are:

"First, that on or about the 15th day of February, 1921, the defendant did attempt to forcibly ravish and carnally know Naomi Moore, or within two years prior to the 20th day of April the time when this action was commenced."

The defendant complains of this instruction and cites *The State v. Abbott*, 65 Kan. 139, 69 Pac. 160. There the charge was rape. This court there said:

"The defendant set up as a defense an alibi, and introduced evidence tending to prove that on Saturday, June 15, he was in another place, some considerable distance away; that he was five miles away from the alleged scene of the crime on June 22, and that he was at the city of Howard on Saturday, June 29. The court instructed the jury that one of the defenses interposed by the defendant was an alibi, and that the fact that the defendant was present at the time and place the offense was committed must be proven by the state beyond a reasonable doubt. In another instruction, however, the court told the jury that it was 'not necessary that the precise date of the commission of the offense be proven if it is established beyond a reasonable doubt by the evidence that said offense charged or included therein was committed within two years just preceding the commencement of the prosecution.'" (p. 142.)

The judgment of conviction was reversed because "the unqualified instruction as to time was misleading and erroneous." (p. 144.) In the present action, the court instructed the jury as follows:

"Now, it is claimed by the State and charged in the information that on or about the 15th day of February, 1921, . . . [the defendant did the acts named in the instruction.] Now, if you believe from the evidence beyond a reasonable doubt, that at the time and place as claimed by the State, the defendant did . . . [Again describing the acts named in the instruction.] Then and in such case he would be guilty of the offense as charged in the information, and you should so find. But if upon the other hand, he was not at his home at the time claimed and was elsewhere this fact if believed by you would constitute a complete defense to the charge, because if the defendant was not present at the time and place as claimed by the State the offense was committed, then it follows as a matter of course that he could not be guilty of the offense. And in this connection I may say to you that if you entertain a reasonable doubt after a consideration of all the facts and circumstances shown upon the trial, whether or not the defendant was present at his home as claimed by the State, at the time it is claimed he was there and perpetrated the offense, then that doubt should be resolved in favor of the defendant and he should be acquitted."

The difference between the instruction in the Abbott case and that

in the present case is as follows: In the Abbott case, the jury was told that it was not necessary to prove the precise date of the commission of the offense if it was established beyond a reasonable doubt that the offense had been committed within two years preceding the commencement of the prosecution. Here, the jury was specifically told that if the defendant was not at home at the time claimed by the state he must be acquitted, and that if the jury entertained a reasonable doubt of the presence of the defendant at his home as claimed by the state at the time it was claimed he was there and perpetrated the offense he should be acquitted. The state claimed and the evidence tended to prove that the offense was committed on one of two certain dates. If the first of the court's instruction as quoted stood alone, a reversal of the judgment would be compelled; but it did not stand alone, nor prominent. It could not have misled the jury. The instructions were clear and distinct that the state must prove beyond a reasonable doubt that the defendant was present at the time and place claimed by the state.

9. The defendant complains of evidence introduced by the plaintiff to show solicitations made by the defendant to the complainant on a number of occasions prior to the one charged in the information. The evidence tended to show that in some of those solicitations, the defendant threatened to use force. The evidence was competent to show the intention of the defendant at the time of the acts for which he was tried. (*The State v. Burns,* 35 Kan. 387, 11 Pac. 161; *The State v. Shumaker,* 103 Kan. 741, 175 Pac. 978, and cases there cited.)

10. Naomi Moore left home a few days after the commission of the acts charged in the information and went to Newton. On her cross-examination, it was shown that while she was there, Frank Hawver, a neighbor of the defendant, went to Newton and talked to her; that they returned to St. John on the same train; and that on the day of the return, the complaint in this action was filed before a justice of the peace. The defendant sought to have Naomi Moore detail the conversation between her and Frank Hawver, but it was excluded on the objection of the state on the ground that it was not proper cross-examination. The defendant argues that this was error. Frank Hawver was not a witness. What Naomi Moore said to him was wholly immaterial unless something that she did say to him was contradictory to some of her evidence on the witness stand.

Stanhope v. Rural High-school District.

Such contradiction could have been shown by way of impeachment if a proper foundation had been laid therefor and proper questions had been asked. That was not done. It was not error to exclude the conversation between Naomi Moore and Frank Hawver from the cross-examination.

The judgment is affirmed.