No. 24,012.

THE STATE OF KANSAS, *Appellee,* v. ROY STARTZMAN, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Information—Larceny of Domestic Fowls—Instructions—Conviction of Grand Larceny — Indeterminate Sentence.* An information charged the taking of domestic fowls in the nighttime and of the value of sixty dollars. The court instructed that if the property taken was domestic fowls of the value of twenty dollars or more, or if they were taken in the nighttime the offense would be grand larceny; if their value was less than twenty dollars and they were taken in the daytime, the offense would be petit larceny, and that there might be a conviction for either grand larceny or petit larceny. There was a verdict finding defendant guilty of grand larceny. The evidence was sufficient to show that the defendant took and carried away domestic fowls of the value of sixty dollars. *Held,* that the verdict was sufficient to sustain a judgment of conviction of grand larceny and a sentence to the state penitentiary for not less than one year nor more than five years, and that there was no prejudicial error in overruling a motion to set the verdict aside for its failure to state the value of the property taken and to specify whether the larceny occurred in the nighttime.

Appeal from Dickinson district court; CASSIUS M. CLARK, judge. Opinion filed April 8, 1922. Affirmed.

*C. S. Crawford,* and *E. S. Crawford,* both of Abilene, for the appellant.

*Richard J. Hopkins,* attorney-general, and *S. S. Smith,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellant was convicted of grand larceny. The information charged that in Dickinson county on the 18th day of August, 1921, and in the nighttime, he took and carried away fifty-five domestic chickens, the property of Daniel and Louisa McBeth, of the value of sixty dollars.

The court instructed the jury in substance that if the property taken consisted of domestic fowls of the value of twenty dollars or more, or if the fowls were taken in the nighttime, the offense would be grand larceny; that if the property taken was domestic fowls of a value less than twenty dollars, not taken in the nighttime, the offense would be petit larceny, and that under the information a conviction might be had for the larceny of the property or any part thereof, which amounts to grand larceny or petit larceny as thus de-

fined. There was a verdict finding the defendant guilty of grand larceny.

A motion to set the verdict aside because the value of the property taken was not stated, and the verdict failed to specify that the larceny occurred in the nighttime, and no judgment specifying the crime of which defendant was convicted could legally be rendered upon the verdict, was overruled, as was also a motion for a new trial.

The principal contention is that the verdict does not disclose of what offense the jury found the defendant guilty. It is suggested that some of the jurors may have believed that the appellant stole the chickens in the daytime, and that the value was more than twenty dollars; that other jurors might have believed that he stole the chickens in the nighttime, but that the value was less than twenty dollars; that both classes of jurors would have been ready to vote for a verdict of grand larceny, but that in those circumstances such a verdict would not represent the united opinion of the jury which is required by law in order to convict.

The case of *In re Howard*, 72 Kan. 273, 83 Pac. 1032, is relied upon. Howard had pleaded guilty in the district court to an information charging him with stealing chickens in the nighttime, and sought release by habeas corpus on the ground that the judgment was void because it left uncertain the period of his punishment under the indeterminate-sentence act. The judgment in that case recited that the defendant had entered a plea of guilty to the charge of grand larceny, and that the court sentenced him to confinement and hard labor in the state penitentiary "until discharged therefrom by due course of law." It was held that because the statute prescribes one penalty for certain acts defined as grand larceny, and another penalty for certain other acts, also defined as grand larceny, the judgment was void, because it "must show in which one of the two classes of grand larceny the criminal act falls [for which the defendant was convicted] before a sentence under the indeterminate sentence act can be imposed." (p. 277.) The sentence was held void, but it was further held that because the conviction was regular and valid, the prisoner should not be discharged but should be returned to the custody of the proper authorities in order that proper sentence should be rendered.

But this case differs from the Howard case. The sentence reads:

"It is therefore considered, ordered and adjudged by the court that said defendant, Roy Startzman, is guilty of the crime of grand larceny, and that as a

punishment therefor he be sentenced to the Penitentiary of the state of Kansas for a period of not less than one year nor more than five years, and that he pay the costs of this prosecution taxed at $——."

It follows the provisions of the indeterminate-sentence law, which provides:

"The court imposing such sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term provided by law for the crime for which the person was convicted and sentenced, the release of such person to be determined as hereinafter provided." (Gen. Stat. 1915, § 8179.)·

While it would have been proper for the trial court to have required the jury to make the verdict more definite and certain by stating whether they found the offense to have been committed in the daytime or in the nighttime, and to have fixed the value of the property, it is inconceivable that any of the defendant's substantial rights were affected by the failure of the court to do that. The evidence established that the value of the fowls was approximately sixty dollars, and it would make no difference in the result whether the jury believed that the offense was committed in the daytime or in the nighttime; in either case the offense would be grand larceny as the court instructed. In the Howard case the opinion commented upon the fact that neither the prison officials nor the board authorized to parole prisoners could discover from the commitment whether the maximum term was five or seven years. In this case the commitment follows the judgment and sentence which limits the period of imprisonment at not less than one nor more than five years.

It having been established by sufficient evidence that the defendant stole the chickens, and that their value was more than twenty dollars, we regard the point relied upon as technical and without substantial merit.

There was no motion to quash the information nor any claim made that it in effect charged two offenses; there was no motion to require the state to elect whether it relied upon an offense committed in the daytime or in the nighttime. For these reasons we think the defendant cannot now be heard to question the sufficiency of the information.

The judgment is affirmed.