No. 29,578.

The State of Kansas, *Appellee*, v. Charles O. Lawn, *Appellant*.

(296 Pac. 696.)

Opinion filed March 7, 1931.

*R. L. Hamilton,* of Beloit, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, and *Harold N. Jordan,* county attorney, for the appellee.

The opinion of the court was delivered by

Marshall, J.: An information charged that the appellant, on a day named, and in Mitchell county, "did keep and have in his possession, and did permit another to keep and have and use on a premises owned and controlled by him, . . . intoxicating liquor . . ." He was found guilty of having intoxicating liquor in his possession and has appealed.

Defendant filed a motion to quash the information on the ground that it contained two charges of separate and distinct offenses. Appellant argues that the motion to quash should have been sustained. The difficulty with appellant's position is that the record does not

disclose that the motion to quash was ever presented to or ruled upon by the trial court, but on the other hand that he went through the trial of the case without presenting the question of duplicity in the information to the trial court. Defendant therefore waived the question. (*State v. Startzman,* 111 Kan. 136, 138, 205 Pac. 1026; *State v. Pryor,* 53 Kan. 657, 37 Pac. 169.)

The instructions of the court relating to this count followed the charge as made in the information. Appellant complains of those instructions. Not having presented a motion to quash the information on this ground, appellant is not now in position to complain of the instruction which follows the charge of the information. (*State v. Justus,* 86 Kan. 848, 852, 122 Pac. 877.)

Appellant complains of some of the other instructions of the court. We have examined his contentions and find nothing seriously wrong with the instructions. The prosecution called in rebuttal a witness who gave testimony which properly should have been given in chief. Defendant's objection that the evidence was not properly rebuttal was overruled. Appellant complains of that ruling. It is a matter that was within the sound discretion of the trial court, and there is nothing in the record in this case to indicate that the discretion was abused.

We find no substantial error in the record, and the judgment of the trial court is affirmed.