No. 36,702

THE STATE OF KANSAS, *Appellee*, v. GEORGE ALLEN, *alias*
JERRY ALLEN, *Appellant*.

(183 P. 2d 458)

Ross McCORMICK,
judge. Opinion filed July 12, 1947.

*Hal C. Davis,* of Topeka, argued the cause and was on the briefs for the
appellant.

*Paul V. Smith,* deputy county attorney, argued the cause, and *Edward F.
Arn,* attorney general, *H. R. Fatzer,* assistant attorney general, and *Harold H.
Malone,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Defendant was convicted of an attempt to commit
rape and has appealed.

Appellant asserts the trial court erred in permitting the state to
amend the information after the state rested. The information was

drawn pursuant to the provisions of G. S. 1935, 21-424, and charged appellant with the commission of the offense of forcible rape. At the conclusion of the state's evidence in chief, counsel for appellant moved for a directed verdict on the ground the evidence showed the offense of rape had not been committed. The state conceded the evidence failed to prove the charge of actual rape but contended it did establish an attempt to commit rape, and asked leave to amend the information accordingly.

Appellant contends that under the provisions of G. S. 1935, 62-808, an information cannot be amended as to substance after jeopardy attaches. He urges no new issues can be introduced and tried thereafter, citing *State v. Bundy*, 71 Kan. 779, 81 Pac. 459. That such is the general rule cannot be doubted. However, appellant's interpretation of the opinion in the Bundy case with respect to the precise point urged in the instant case is not accurate. The pertinent quotation from that opinion reads:

"After the trial has begun and jeopardy has attached the defendant has a right to insist that the case shall proceed to a final result, and if he cannot be convicted upon the information as it stands when the trial commences he is ordinarily entitled to an acquittal." (p. 782.)

In the instant case, appellant's counsel did not insist upon trial on the original information but expressly consented to the amendment which charged only an attempt to commit rape by means of force. Moreover, under our practice a defendant may be found guilty, under proper instructions, of an attempt to commit rape under an information which charges actual rape. (G. S. 1935, 21-101; 62-1022; *State v. Cross*, 144 Kan. 368, 59 P. 2d 35; *State v. Griffin*, 161 Kan. 90, 91, 166 P. 2d 580, and cases therein cited.)

Appellant argues the evidence failed to disclose force was employed. It will serve no useful purpose to narrate the detailed facts of the episode. It may be conceded, as contended by appellant, the episode started in what appellant has seen fit to denominate a mutually desirable "petting party." It also frankly should be stated the woman admitted that at one time during the episode she contemplated sexual intercourse. The trouble is, the evidence also discloses that it ceased to be a mutually desirable affair, the woman resisted and thereafter appellant resorted to force. The reason, or reasons, for her change of mind are not controlling. The fact she did change her mind, so advised appellant, and thereafter resisted his efforts is controlling. There was ample evidence on the subject

of force to make that distinctly a jury question. In *State v. Moore*, 110 Kan. 732, 205 Pac. 644, it was held:

"To commit the offense of an attempt to ravish and carnally know a woman against her will, it is not necessary that the force used be reasonably calculated to overcome resistance, nor that it be intended to use force sufficient to overcome all resistance." (Syl. ¶ 6.)

and in the opinion it was said:

"The law should not closely measure the extent of her resistance, nor closely measure her efforts to alarm others. So long as she is an unwilling victim, and so long as the man resorts to any force to have intercourse with her, the man must bear the consequences of his criminal act." (p. 734.)

It is urged the court erred in admitting evidence of two similar previous attempts by appellant within the last year to force other women to have intercourse with him. Whatever the rule may be elsewhere it is no longer open to dispute in this jurisdiction that this evidence was admissible. In *State v. Stitz*, 111 Kan. 275, 206 Pac. 910, it was said:

"While the general rule is that one crime cannot be established by proof of other independent crimes, there are well recognized exceptions to the rule, and one of them is that in sexual offenses proof of prior and subsequent acts of intercourse are admissible to show the lustful disposition, the existence and continuance of the illicit relation, as these tend to explain the act charged and corroborate other testimony of the prosecution. The exception has been so frequently and thoroughly considered that there is no occasion for further consideration or comment." (p. 276.)

See, also, *State v. Bisagno*, 121 Kan. 186, 246 Pac. 1001; *State v. Jenks*, 126 Kan. 493, 268 Pac. 850; *State v. Funk*, 154 Kan. 300, 118 P. 2d 562.

Appellant complains with respect to the instructions given. They have been carefully examined and reversible error does not appear. It is true that instructions might frequently be more artistically framed or more clearly stated. But when considered as a whole, as they must be, a verdict will not be disturbed unless defendant's substantial rights have been prejudiced thereby. (G. S. 1935, 62-1718.) The complaints concerning the instructions given are technical and do not justify reversal of the judgment. For example, the instruction concerning similar offenses might have been improved. No fuller or more favorable instruction was requested and it is not contended the jury misinterpreted the instruction or that the state argued such evidence might be considered for any improper purpose.

It is urged the court should have instructed upon the elements of "an attempt" to commit rape. In support of the contention appellant relies principally on *State v. Langston*, 106 Kan. 672, 189 Pac. 153. In that case, unlike the instant case, defendant was convicted of actual rape under the charge of rape and under instructions pertaining to actual rape, when the evidence showed only an attempt to commit the offense. Manifestly, in that case, defendant's rights were prejudiced by such instructions. Failure to properly instruct upon the elements of attempt might in many cases, under circumstances similar to those existing in the Langston case, result in prejudice to a defendant's substantial rights. In such cases a proper instruction should always be given on the subject of attempt. Here, however, any forcible overt act by the defendant towards the commission of the offense constituted an attempt to commit it. (G. S. 1935, 21-101.) The jury was instructed that defendant was not being tried for rape but only on the charge of attempt to commit the offense. No specific instruction on the subject of attempt was requested by appellant's counsel and no objection concerning failure to give a fuller instruction was made at the time of trial or on the motion for a new trial. Under the circumstances of this case, the court believes it would not be justified in reversing the judgment on the ground appellant's substantial rights were prejudiced by a failure to instruct more fully on the subject of attempt.

Appellant also contends the information was bad for duplicity and failed to set forth any charge against him. The contention is not good. The statute (G. S. 1935, 21-424) embraces the offense of statutory rape, that is an offense against any female person under the age of eighteen years, without force, and also the offense of forcibly ravishing any female person. The latter, of course, applies to any female person of the age of eighteen years or over. The action was tried solely on the theory of forcible rape and the jury was instructed accordingly. There was no motion to quash the original or amended information on the ground of duplicity or for any other reason before or during the trial. Counsel for appellant consented to the amendment of the information. If the information was bad for duplicity that defect was waived when appellant consented to be tried under the information without objecting thereto. (*State v. Startzman*, 111 Kan. 136, 138, 205 Pac. 1026; *State v. Lawn*, 132 Kan. 523, 524, 296 Pac. 696.)

After the trial appellant for the first time raised the question of the sufficiency of the information to state a public offense. This was done by motion in arrest of judgment. (G. S. 1935, 62-1605.) The motion was without merit. The original and amended information both stated a public offense.

The jury returned the following verdict:

"We, the jury, impaneled and sworn in the above entitled case, do upon our oath find the defendant guilty as charged in the information, as amended."

It is contended the court erred in sentencing appellant on the verdict for the reason it could not be determined therefrom whether the jury found appellant guilty of attempted statutory rape, or attempted forcible rape, or of the offense of actual rape. The contention is without substantial merit. G. S. 1935, 62-1718, provides:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

The amended information charged an attempt to forcibly commit rape. The jury was in nowise instructed with reference to an attempt to commit statutory rape, that is, rape of a female under the age of eighteen years, without force, but was instructed solely and expressly with respect to an attempt to commit rape by means of force. There is no reasonable basis for contending the jury was in anywise misled. Not the slightest difficulty was presented in imposing proper sentence on the verdict.

The judgment is affirmed.

HOCH, J., not participating.